KATHERINE C. LAWSON, Appellant, v. OTTO P. HIGGINS and ELIZABETH F. HIGGINS, Respondents.—No. 38307.—169 S. W. (2d) 881.

Division One, April 6, 1943.

*Frank H. Terrell* and *Charles W. Hess, Jr.*, for appellant.

*Mosman, Rogers, Bell & Conrad* for respondents.

GANTT, J.—Action by plaintiff on the theory that defendants negligently waxed the floors of their home, which caused her to fall and suffer injury. It is alleged in the petition that plaintiff was the housekeeper in defendants' home "for a period of time prior" to the fall and injury, and that as housekeeper she "was not required to maintain or wax the floors." The amount involved fixes appellate jurisdiction in this court. The trial court sustained the joint demurrer of defendants to three petitions on the ground that said petitions failed to state facts sufficient to constitute a cause of action. On the court sustaining the joint demurrer to the third petition and entering judgment for defendants, plaintiff appealed.

■ We have ruled that an invitee to a business building cannot recover for an injury suffered as the result of falling on a waxed floor of said building. [Ilgenfritz v. Mo. P. & L. Co., 340 Mo. 648, 101 S. W. (2d) 723; State ex rel. Golloday et al. v. Shain et al., 110 S. W. (2d) 719.]

■ Furthermore, it is ruled as follows: "The extensive use of hardwood, polished, waxed floors, furnished with rugs in homes, is common knowledge. Common experience teaches that this type of floor and furnishing, ■ in such general use, is not inherently dangerous or a hazard to the safety of an employee or an invitee within the standard of care required." [Nelson v. Schmeltzer (Iowa), 265 N. W. 924; Cluett v. Union Elec. L. & P. Co. (Mo.), 220 S. W. 865, 868; Brown v. Davenport Holding Co., 279 N. W. 161, 118 A. L. R. 447.]

In the third (second amended) petition the allegations as to negligence are stated as follows:

(1) "That on said date the defendants were negligent and careless in that they negligently and carelessly permitted to be and maintained the said floor of said residence, owned by them, and where said plaintiff was by reason of her occupation compelled to work, in an exceedingly and very slippery and highly polished condition, which said floor was dangerously slick and not reasonably safe to work and walk upon; that said defendants knew, or by the exercise of ordinary care would have known, that said floor was dangerously slippery and liable to cause plaintiff to fall thereon while engaged in her duties as such employee and that persons walking and moving about thereon were in constant danger of slipping, falling and injuring themselves; that said knowledge on the part of the defendants was had in ample time to have made said floors reasonably safe, by the exercise of ordinary care, and to have prevented the injuries complained of herein; that said fall occurred to plaintiff while she was exercising due care for her own safety and without knowledge to her of the dangerous character of said floors as a direct and proximate result of the negligence and carelessness of the defendants as aforesaid.

(2) "Said defendants were further negligent and careless, in that they created the aforesaid situation by using excessive, unnecessary and dangerous methods in maintaining said floor, in that they used and applied waxes and other slippery polishing substances unknown to this plaintiff in uneven, excessive quantities, and said defendants were further negligent and careless in that they created and maintained the aforesaid situation by means of polishing cloths and polishing devices, excessively polished and rubbed said wax and other slippery substances unknown to this plaintiff so that they became so dangerously slick and polished."

■ The rule for construing a petition is stated as follows:

"In examining the foregoing petition, on the demurrers, for the purpose of ruling the question whether any cause of action is stated

the petition must, under our Code, be liberally construed in arriving at its meaning 'but this court has uniformly held that the petition . . . must state the facts on which the pleader expects to recover. It will not suffice to plead conclusions of law or the conclusions of the pleader unsupported by the allegation of issuable facts.' [National·Hollow Brake Beam Company v. Bakewell, 224 Mo. 203, 123 S. W. 561.] We take as true facts well pleaded and such .inferences as necessarily and logically flow therefrom but the averment of conclusions of the pleader will not aid the pleading, will be disregarded, and the question of the sufficiency of the facts pleaded to support such conclusions and to state a cause of action remains, nor is a characterization of the facts which amounts to a mere conclusion admitted by the demurrer. [Mack v. Eyssell, 332 Mo. 671, 59 S. W. (2d) 1049; Stephens v. Mound City Liverymen Assn., 295 Mo. 596, 246 S. W. 40; State ex rel. Minnesota Mutual Life Ins. Co. v. Denton, 229 Mo. 187, 129 S. W. 709.] Too in ruling the sufficiency of the facts pleaded to state a cause of action the court will look to material and essential allegations which are not made as well as to those made. [Lackawanna Coal and Iron Co. v. Long, 231 Mo. 605, 133 S. W. 35.]'' Thompson v. Farmers Exchange Bank, 333 Mo. 437; l. c. 455, 62 S. W. (2d) 803.

In substance it·is alleged in paragraph one that the defendants negligently maintained the floors in a ''dangerously slippery'' condition; that plaintiff was without knowledge of· the condition, and that defendants knew, or could have known, of the condition ''in ample time to have made said floors reasonably safe.'' It will be noted that no facts are alleged in said paragraph. It only alleges the conclusions of the pleader and states no cause of action.

.However, in substance it is alleged in paragraph two that defendants negligently used waxes and other slippery substances in uneven and excessive quantities and excessively polished the same by using cloths and other polishing devices.· It is common knowledge that it is not negligence to use waxes and other appropriate slippery substances in waxing a floor. Furthermore, it is common knowledge that cloths and other polishing devices are. used in waxing a floor, and in waxing the floor it is not negligence to use said devices. Furthermore, it is not alleged in this paragraph that defendants either knew they were using excessive quantities of substances on the floor or that they were excessively polishing said substances. In other words, the petition, by conclusions of the pleader, only charges the defendants with negligence after the floors had been waxed. It is clear that no facts are alleged from which it may be inferred that the defendants had reason to believe that the floor was in a ''dangerously slippery'' condition. Furthermore, it is alleged that the plaintiff, who had been the housekeeper

for a "period of time prior" to the injury and daily using the floors, did not know of the dangerous condition. If so, it consistently cannot be alleged that the defendants had such knowledge. It is clear that the petition actually describes a polished waxed floor in a residence. Of course, it is possible to fall on such a floor.

The rule is well stated as follows: "It is not negligence not to take precautionary measures to prevent an injury which if taken would have prevented it when the injury could not reasonably have been anticipated and would not unless under exceptional circumstances have happened. The proper inquiry is not whether the accident might have been avoided if the one charged with negligence had anticipated its occurrence, but whether, taking the circumstances as they then existed, he was negligent in failing to anticipate and provide against the occurrence. The law does not hold the master liable for an injury to his servant that cannot reasonably be anticipated and guarded against by the exercise of ordinary care. In such case the servant assumes the risk. If the injury, as occasioned, is not one which could have reasonably been anticipated as a sequence of the alleged negligent act, then the alleged negligent act is not in fact a negligent act, and no recovery can be had therefor. To hold otherwise would be to hold that the master is an insurer of the safety of his servant. Although the servant does not assume the risks of his employment that are caused by the master's negligence, he does assume the risks that are ordinarily incident to the employment." [Pietraschke v. Pollnow et ux. (Mo. App.), 147 S. W. (2d) 167, l. c. 171.]

As stated, no facts are alleged in the petition from which it may be inferred that the defendants had reason to anticipate that the floor was dangerous and that the plaintiff might fall and suffer injury. Plaintiff cites cases as follows: Wendt v. Zittleson Mfg. Co., 229 S. W. 1107; Kemper v. Gluck, 327 Mo. 733, 39 S. W. (2d) 330; Simmer v. The May Dept. Stores, 282 S. W. 117; Culver v. Menden Coal Co., 286 S. W. 745; Myers v. Straus, 264 S. W. 801. The cited cases, except the Kemper case, were ruled on a demurrer to the evidence. All of said cases may be distinguished on the facts.

The trial court correctly ruled the demurrer, and the judgment should be affirmed. It is so ordered. All concur.