**Katherine NOEL, Plaintiff-Appellant,**

**v.**

**John C. BUCHHOLZ, Defendant-Respondent.**

**No. 51454.**

Supreme Court of Missouri,
Division No. 2.

Jan. 9, 1967.

Motion for Rehearing or for Transfer to
Court En Banc Denied Feb. 13, 1967.

Lewis, Rice, Tucker, Allen & Chubb, J. L. Pierson, Clayton, for plaintiff-appellant.

Rene J. Lusser, Lusser, Hughes & Lusser, St. Louis, for defendant-respondent.

FINCH, Judge.

Plaintiff appeals from a judgment entered following direction by the trial court of a verdict for defendant at the close of plaintiff's case. Plaintiff's petition sought damages of $25,000, and we have jurisdiction.

Plaintiff was an employee of Rold Gold Foods, Inc. That company arranged an awards dinner for its employees to be held on the evening of November 3, 1962. The company rented from defendant a second floor social hall known as Idle-A-Wile Hall for the occasion and arranged with a caterer to serve the dinner.

The stairway leading to the hall consisted of a single stairway to a platform or landing from which there were two sets of stairs turning to the left and right, respectively, for the remaining five steps to the social hall. The hall itself was a large room, the center of which was covered with a wooden dance floor. Around the edges of the room was a border strip. A portion of this border ran from the head of the left stairway to a cloakroom. This strip was covered with asphalt tile which was 29 feet in length and approximately 4 feet in width.

Plaintiff arrived at 6:30 p. m. As she came up the stairs she turned to the left. This took her to the asphalt tile strip leading to the cloakroom. Most of the people who were to attend had not yet arrived but some were there.

The hall was well lighted. Plaintiff, when she reached the head of the stairs, could observe the asphalt strip all the way to the cloakroom. She noticed that it was shiny and glossy and appeared to be buffed. It was clean and plaintiff did not observe any foreign objects on the floor. She walked about five steps on the asphalt strip and had no particular difficulty in walking. She stopped to speak to two people, one of whom told her to put her coat in the cloakroom. She then took another step or two and fell to the floor. Plaintiff testified that to that day she did not know what caused her to fall.

Other witnesses for plaintiff testified that the asphalt border was highly polished and slick or slippery. It was uniform all the way from the stairs to the cloakroom and contained no holes or defects. One witness testified that as she walked along the strip she held onto her husband's arm and onto chairs at tables which adjoined the asphalt strip. The president of Rold Gold testified for plaintiff and stated that he

saw plaintiff fall and that it appeared her feet just slid out from under her.

Plaintiff was removed by ambulance to the hospital, where it was ascertained that she had injuries which included a fractured hip. We need not detail the extent of plaintiff's injuries or the amount of her medical expenses or time lost from work because we are concerned here only with whether plaintiff made a submissible case.

Plaintiff's allegations of negligence on the part of defendant were (1) waxing of the strip so as to make it unusually slippery to a high and dangerous degree, making it unsafe and dangerous to persons walking thereon; (2) failure to put a runner, carpet or other covering on the strip; (3) failing to give notice or warning of its unusually dangerous condition to those walking upon the strip; (4) failing to furnish plaintiff with a reasonably safe means of ingress and egress to the social hall, and (5) negligence in maintaining the strip which, because of its waxed and slippery condition, its incline and its location, was dangerous to persons walking thereon.

Plaintiff offered as admissions against interest certain answers of the defendant to interrogatories and depositions. These disclosed that the asphalt tile strip was waxed two or three times a year with Johnson's Hard-Gloss Glo-Coat Wax which was applied with a mop. Defendant did not know the date of the last application because the man who actually had done that work was deceased at that time, but defendant stated that the floor had not been waxed in the period immediately prior to November 3, 1962. He also testified that a buffing machine was used on both the wooden floor and the asphalt tile border two or three days before each occasion when the social hall was to be used.

We have concluded that plaintiff did not make a submissible case and that the trial court properly directed a verdict for the defendant.

Plaintiff's brief discusses the status occupied by plaintiff and asserts that she was a guest of a lessee. Consequently, says plaintiff, she falls within the "public use" rule [1] and need not prove lack of knowledge on her part of the dangerous condition. We do not reach that question for decision because, even assuming such status, the duty on the landlord still is to exercise ordinary care to keep the premises reasonably safe for the guest's use. The plaintiff does not make a submissible case unless there is evidence to show negligence on the part of the defendant by failing to exercise such ordinary care.

Plaintiff's evidence disclosed that the asphalt tile border between the steps and the cloakroom had been waxed sometime previously with Johnson's Hard-Gloss Glo-Coat. The entire floor, including the dance area and the asphalt tile border, had been buffed with a buffing machine two or three days before November 3, 1962. This was the standard practice prior to each use of the hall. The asphalt tile strip had no defects or holes and was in good condition. It was clean and free of any dirt or foreign objects. It was uniformly shiny and glossy. It was slick but was uniform from the top of the stairway to the cloakroom. The area was well lighted. There was neither allegation nor proof that the wax was incorrectly applied or was uneven or excessive or that the place where plaintiff fell was any more slippery or different than the rest of the strip. There was no evidence that it was any different from any properly waxed and polished asphalt tile surface. Plaintiff herself testified that to that day she did not know what caused her to fall. She had walked five steps without difficulty, then stopped to talk to two people, and after taking another step or two fell.

1. Brown v. Reorganization Investment Co., 350 Mo. 407, 166 S.W.2d 476; Warner v. Fry, 360 Mo. 496, 228 S.W.2d 729; Restatement of Torts, § 359.

This evidence simply does not show negligence on the part of the defendant unless we are prepared to hold that in an area which is well lighted and not in any way hidden or concealed, the mere waxing and polishing of an asphalt tile floor in good condition so that it is glossy and slick is negligence. This, we are unwilling to do. In Ilgenfritz v. Missouri Power & Light Co., 340 Mo. 648, 101 S.W.2d 723, 728, this court considered a fall by plaintiff on a linoleum floor in the office of the defendant company. A paste wax had been applied and the floor then polished with an electric buffer until it was slick and glossy. There were no foreign objects on the floor and no showing that the waxed surface was any different than at any other times. There was evidence that the floor was slightly wavy. The court en banc held that a submissible case was not made. It is true, as plaintiff points out, that Ilgenfritz involved a business invitee rather than a guest of a lessee, and that a business invitee is required to prove lack of knowledge on his part. The language of the court, however, discloses that it found that there was no showing of negligence on the part of the owner and consequently knowledge of invitee was not determinative. The court, 101 S.W.2d at page 728 of Ilgenfritz, said: "However, whether she was careful or not, or whether her conduct was contributory negligence or not, makes no real difference, because there was no evidence to show that defendant was guilty of any negligence, and, even if plaintiff was careful, defendant is only liable if it was negligent. It was not negligent unless there was something on the floor that in the exercise of due care should not have been there. This evidence does not show that there was. To hold defendant liable here would make it liable as an insurer and not because of negligence."

The rule in Ilgenfritz has been applied in later cases. Howard v. Johnoff Restaurant Co., Mo., 312 S.W.2d 55; Lawson v. Higgins, 350 Mo. 1066, 169 S.W.2d 881; State ex rel. Golloday v. Shain, Mo., 110 S.W.2d 719. See also Annotation: 63 A.L.R.2d 591, 630, 634.

We have considered all of the cases cited by plaintiff, but consider it unnecessary to analyze each in detail. We find nothing therein to cause us to reach a different result.

Plaintiff also complains of certain trial errors in the exclusion of evidence. Her first complaint relates to the action of the trial court in excluding evidence relative to slipping by other people during the evening. Offers of proof were made. One offer was to show that later in the evening the witness saw someone slip on the asphalt tile three or four feet from the stairway. The second offer was to "attempt to prove by this witness that she did see another person slip on the evening in question." The third offer was to show that a person who came up the stairway to the right slipped when she stepped on the floor at that point. Defendant questions the sufficiency of the offers of proof and the relevancy of this evidence, but even if the evidence as offered had been admitted, negligence of the defendant would not have been proved, and there still would not have been a submissible case under the rule in Ilgenfritz. Under such circumstances, the ruling of the court on these offers of proof could not have been prejudicial error.

The trial court also struck the statement of one witness that "the level of the floor at the outer wall is lower than the level of the floor more toward the center of the hall." The court told counsel that he could offer measurements to show that the floor sloped, but he would not permit the above answer to stand. The hall was 100 feet by approximately 47½ feet in size. This answer referred to relative elevation of the floor in the center of the room with the sides thereof and did not necessarily indicate any sloping whatsoever of the asphalt strip, or if so, how much. Counsel was given the opportunity to offer specific measurements with reference to the asphalt

strip, but this was not done. The ruling was not erroneous.

 Finally, plaintiff complains of the exclusion of testimony of witness Froelich, President of Rold Gold, that after plaintiff fell, he posted a guard to warn guests. If, as we have found, there was not sufficient evidence to make a submissible case of negligence on the part of defendant, this evidence as to the posting of a guard by Froelich would not have supplied the deficiency. Under these circumstances, its exclusion clearly was not error.

The judgment is affirmed.

All of the Judges concur.