246 S.W.2d 98 (1952)
RHODES
v.
RHODES' ESTATE.
No. 7016.
Springfield Court of Appeals, Missouri.
February 6, 1952.
*99 J. Grant Frye, Cape Girardeau, for appellant.
Rush H. Limbaugh, Cape Girardeau, for respondent.
McDOWELL, Judge.
This appeal is from a judgment of the Circuit Court of Bollinger County, Missouri, sustaining a motion to dismiss plaintiff's petition because it failed to state a claim.
The action is in equity. The essential allegations of the petition may be summarized as follows: Charles E. Rhodes died intestate in Bollinger County, Missouri, November 7, 1947, leaving appellant, his widow, and two daughters, Elizabeth Rhodes and Marie Rhodes, as his heirs. November 10, 1947, the day after the funeral of deceased, appellant went with her daughter, Elizabeth Rhodes, to Lloyd S. Morgan, the undertaker, who had furnished funeral services for the deceased, and, upon being advised by said daughter and undertaker that she was legally liable for the funeral expenses personally and that it was her duty to pay same, paid the funeral bill in the sum of $267.87.
May 10, 1948, appellant, at the request of her daughter, Elizabeth, purchased a tombstone for the grave of her husband from T. E. Graham and, on July 15, 1948, appellant paid, out of her own funds, $168.30 for said tombstone.
The petition alleges that appellant was illiterate and lived remote from the county seat and from legal advice; that at the time she paid the funeral expenses of $267.87 to the undertaker she relied solely upon the representations of Elizabeth Rhodes, who represented to her at the time that she had consulted a lawyer, who had advised her that it was the duty and legal obligation of appellant to pay such funeral expenses because appellant had received a bank deposit account in the joint names of appellant and deceased and because the deceased left no debts other than the funeral expenses. Appellant also pleads that she relied upon the advice of the undertaker, Morgan, who talked to appellant and her daughter, Elizabeth, and after they informed him of all the facts relative to the estate, that is, that the deceased left 120 acres of land, partly in cultivation, which was of little value and constituted the home on which she and deceased had lived many years, and that the personal estate consisted only of a small amount of crops, hay and livestock and that after such conversation with Morgan, he also advised appellant that it was her legal duty to pay such funeral expenses. Appellant pleads that, relying upon such representations made by her daughter and Morgan, she paid said funeral expenses.
Appellant pleads that just prior to May 10, 1948, Elizabeth Rhodes requested appellant to purchase a tombstone for deceased, representing to her that it was her duty and obligation to purchase and pay for the same; that her said daughter, at the time, represented that she had been so advised by an attorney. Appellant then pleads that relying upon, and believing such representations, she made arrangements to buy one on May 10, and paid for the same July 15, 1948.
The petition states that on May 18, 1948, appellant consulted an attorney and, on May 24, 1948, appellant was appointed administratrix of the estate by the Probate Court of Bollinger County, and notice of the granting of letters of administration was duly published and appellant continued to *100 serve as administratrix until the filing of this action. The petition states that in February, 1949, appellant advised her attorney of the circumstances concerning the payments made to Morgan and Graham and, for the first time, learned that those obligations were obligations of the estate and not of appellant.
The petition then pleads that her attorney sent Morgan and Graham, each, a demand form for the amount of the funeral expenses and of the tombstone and advised each of them that appellant had made payments under the belief that she was personally liable and requesting them to make demands against the estate for payment thereof; that she stated to Morgan and Graham they may act as trustees for the money paid or as a mere depository therefor. She informed them that she was entitled to the money back but they may continue to act as depository or trustee for the money so paid until their demand was allowed by the Probate Court and they could then sign and return to appellant receipts therefor showing payment.
The petition then alleges that appellant informed Graham that he could keep the money paid him until after the demand was allowed as trustee for appellant. Graham executed the demand May 10, 1949, which demand was exhibited to appellant May 17, 1949, and allowed by the court May 26, 1949. Graham's receipt was returned and is now in the files of the Probate Court.
Morgan was informed the could retain the money received, considering himself as a trustee pending the allowance by the court of his demand. He was informed that, after the demand was allowed, he could execute a receipt to the administratrix for the money he had already received. Morgan made demand for the funeral expenses which was, by the court allowed, May 27, 1949, and receipt was executed, which is now in the files of the court.
The petition then states that on September 20, 1949, Elizabeth Rhodes filed affidavits in accordance with 1949 Mo.R.S. 464.310, V.A.M.S., stating that the demands of Morgan and Graham had been improperly allowed and asking the court to set such aside; that the court did vacate its orders of allowance on December 23, 1949; that Morgan and Graham, at the request of Elizabeth Rhodes, withdrew their demands and retained the money paid by appellant.
An appeal was taken from the order and judgment of the Probate Court, setting aside such allowances. The Circuit Court refused to entertain such appeals on the ground that it had no jurisdiction.
The petition then prays that an administrator ad litem be appointed to represent the estate of deceased in these proceedings; that she may be allowed, in her final settlement of the deceased's estate to take credit for the payments made to the said Morgan and Graham; and for such other orders as to the court shall be deemed meet and just.
The law governing the question as to whether or not a petition states a cause of action is clearly discussed in DeVault v. Truman, 354 Mo. 1193, 194 S.W.2d 29, 31, as follows: "We find no practical difference between a `failure to state a claim upon which relief can be granted' (Civil Code, Laws 1943, p. 375, Sec. 66, Mo.R.S.A. § 847.66 [V.A.M.S. § 509.340]) and a failure to state a cause of action, as formerly understood. Gerber v. Schutte Inv. Co., [354] Mo. [1246], 194 S.W.2d 25. Whether the court erred in sustaining the motions to dismiss depends upon whether the petition contains a `statement of the facts showing that the pleader is entitled to relief.' Code of Civil Procedure, Laws 1943, p. 369, Sec. 36, Mo.R.S.A. § 847.36 [V.A.M. S. § 509.050]. It is generally true that a plaintiff must allege the ultimate facts which must be proven in order to entitle him to recover. Hutcherson v. Thompson, 343 Mo. 884, 123 S.W.2d 142, 146; Rositzky v. Rositzky, 329 Mo. 662, 46 S.W.2d 591, 595; Lawson v. Higgins, 350 Mo. 1066, 169 S.W.2d 881. In determining whether the petition states facts `showing that the pleader is entitled to relief,' we must consider the petition as a whole, with all of its several allegations. Benner v. Terminal R. R. Ass'n of St. Louis, 348 Mo. 928, 156 S.W.2d 657, 660; State ex rel. Peet v. Ellison, Mo.Sup., 196 S.W. 1103, 1106. We may disregard general allegations which are disproven by specific allegations. Dritt *101 v. Snodgrass, 66 Mo. 286, 296, 27 Am.Rep. 343. The construction of the petition must be such `as to do substantial justice.' Civil Code, Laws 1943, p. 373, Sec. 57, Mo.R.S.A. § 847.57 [V.A.M.S. § 509.250]. If it clearly appears from the face of the petition that appellant's cause of action, if any, is barred by the applicable statute of limitations, the motion to dismiss was properly sustained. Woodruff v. Shores, [354] Mo. [742], 190 S.W.2d 994 [166 A.L.R. 957]." Therrien v. Mercantile-Commerce Bank & Trust Co., 360 Mo. 149, 227 S.W.2d 708.
We submit that the duty of this court, in determining whether or not the trial court erred in sustaining respondent's motion for a directed verdict because the petition failed to state a cause of action, is clearly set out by the law above stated. We must consider the petition as a whole with all of its several allegations giving such construction thereto as will do substantial justice.
There is but one issue actually involved in this case and that is, does the petition state facts sufficient for equitable relief?
The gist of the action, as pleaded in the petition, is that appellant, being an uneducated woman and living in the country quite a distance from where she could receive legal advice, was advised by Elizabeth Rhodes, one of the heirs to the estate, that, because the estate contained only 120 acres of land, which had been used as a homestead by deceased and appellant and was of little value, and a small amount of personal property, and since appellant and deceased had a joint bank account, it was the duty of appellant to pay the funeral expenses and that she had been so advised by an attorney, with the further allegation that Elizabeth Rhodes took appellant to the undertaker, Morgan, and discussed the question with him, and after he was advised of the estate left, he, likewise, advised appellant that it was her duty to pay the same; and that believing such representations to be true, appellant paid the funeral expenses amounting to $267.87 on the Monday after the funeral of appellant's deceased husband and before appellant was appointed administratrix of the estate.
The petition then states that Elizabeth Rhodes requested appellant to purchase a tombstone for deceased and, at the time, represented to her that it was her duty to so purchase said stone and pay for the same and that she had been so advised by an attorney; that appellant contracted for said tombstone from one, T. E. Graham, prior to her appointment as administratrix, and paid for the same after her appointment as administratrix of the estate.
Appellant contends that these payments were made under mistake of law and of fact and was induced by persons interested in the estate under such circumstances as to amount to a legal fraud; that the estate was unjustly enriched by such payments and that appellant had no adequate remedy at law.
Under Section 34, Article VI, of the Constitution of 1875, V.A.M.S., relating to the jurisdiction of Probate Courts, it was provided that the General Assembly should establish in every county a Probate Court which would be a court of record and that this court should have jurisdiction over all matters pertaining to probate business, etc.
Section 16, Article V, of the Constitution of Missouri, 1945, V.A.M.S., provides: "There shall be a probate court in each county with jurisdiction of all matters pertaining to probate business, * * *."
RSMo 1949, Chapter 464, V.A.M.S., provides for the handling of probate business.
RSMo 1949, § 464.010, V.A.M.S., reads as follows:
"All demands against the estate of any deceased person shall be divided into the following classes:
"(1) Funeral expenses;
"(2) Expenses of the last sickness, wages of servants and demands for medicine and medical attendance during the last sickness of deceased; also reasonable cost of tombstone if allowed by court;

* * * * * *
"(5) All demands, without regard to quality, which shall be legally exhibited against the estate within six months after the date of the granting of the first letters on the estate;
*102 "(6) All demands thus exhibited after the end of six months and within one year after the date of the granting of the first letters on the estate."
RSMo 1949, § 464.020, V.A.M.S., reads: "All demands not thus exhibited in one year shall be forever barred, * * *."
RSMo 1949, § 464.030, V.A.M.S., reads: "Any person may exhibit his demands against such estate by serving upon the executor or administrator a notice, in writing, stating the amount and nature of his claim, with a copy of the instrument of writing or account upon which the claim is founded; and such claim shall be considered legally exhibited from the time of serving such notice, * * *."
RSMo 1949, § 464.080, V.A.M.S., provides how demands might be established by judgments of courts of record and provides that a copy of such decree shall be exhibited to the Probate Court and allowed as other claims.
RSMo 1949, § 464.090, V.A.M.S., reads as follows: "If any person commences suit of any kind in the circuit court against an estate, within six months from the date of administration, he may recover judgment but shall be adjudged to pay all costs; provided, this section shall not apply to suits in equity."
RSMo 1949, § 464.140, V.A.M.S., reads: "The probate court shall have jurisdiction to hear and determine all suits and other proceedings instituted against executors and administrators upon any demand against the estate of their testator or intestate, * * *."
Thus it will be seen by virtue of the Constitution of this State and of the Legislative Acts passed in pursuance thereof, that the Probate Court is vested with authority to hear and determine all legal demands against the estate of the deceased. We might say further that we do not agree with the contention of respondent that the Probate Court has exclusive jurisdiction in such matters and, for that reason, we have stated certain sections of the statute which provide that legal claims may be established in the Circuit Court or courts of record and a copy of the judgment certified to the Probate Court for allowance. It has been decided by the Supreme Court of this state in Barnes v. Boatmen's Nat. Bank of St. Louis, 355 Mo. 1136, 199 S.W.2d 917, that Probate Courts do not have exclusive jurisdiction over the allowance of demands against an estate and the same court definitely ruled that if the demand is established in the Circuit Court or in a court of record and certified to the Probate Court for allowance, that such court of record has no right to instruct the Probate Court as to how such demands should be classified, that being solely the duty of the Probate Court.
It is also well settled law that the one year statute of limitations applies to the proving of demands which are legal, whether such demands are established in the Probate Court or in any other court of record. The only place that such statute of limitations does not apply is where the proceeding is purely equitable. A Probate Court has no jurisdiction in cases which are purely equitable. Clay v. Walker, Mo. App., 6 S.W.2d 961.
It has also been held by our courts that in the establishment of a legal claim in the Probate Court or in a court of record, as to that matter, the Probate Court may follow equitable principles just as courts of record can do in all other suits at law.
Now, examining the petition in the case at bar we find that the claims paid by appellant were legal demands against the estate and could have been presented by the holders thereof as provided by the statute herein set out. When they were paid by the administratrix, under the facts as pleaded in the petition, they were paid under the misapprehension of what were the legal obligations of appellant.
In 30 C.J.S., Equity, § 47, page 378, under (b) the law is stated: "The rule has often been stated that equity will not relieve against a mistake of law, at least where the mistake is one of law pure and simple, whether such mistake is set up for affirmative relief or defensively. * * *" Breit v. Bowland, Mo.App., 100 S.W.2d 599.
We think that if there were mistakes made by appellant, in the paying of these two demands because she believed *103 she was legally liable therefor, that the mistake was one purely of law for which equitable relief will not be granted.
However, we think there are other reasons why this petition fails to plead facts sufficient for relief in equity. Appellant had a legal right or remedy. There can be no question but what she could have filed a demand, within the statutory period, for the allowance of the sums so paid and that the Probate Court could have allowed such demands. She had two courses to follow. First, she could have taken an assignment of these demands and filed a demand against the estate therefor, or, we believe, she could have filed a demand for the sums so paid without such an assignment. The reason, therefore, that appellant lost her rights as to the monies paid for funeral expenses and for a tombstone for her deceased husband is that, by advice of her attorney, she sought to have Morgan and Graham file these demands, after they had been paid and fully satisfied, instead of filing the demands in her own right. Thus, we hold that appellant had an adequate remedy at law but failed to exercise her rights as provided by law. RSMo 1949, § 464.230, V.A.M.S.
Certainly, it is no ground for legal fraud that Elizabeth Rhodes exercised her legal right, as an heir to the estate, by filing an affidavit stating that these demands had been improperly allowed by the court under RSMo 1949, § 464.310', V.A.M.S. As we have above stated in this opinion, appellant had a proper legal remedy in her own right but failed to take advantage thereof.
It is argued by appellant that the estate had been unjustly enriched because appellant paid these two demands. It is true that the estate was liable for the funeral expenses and for the price of a tombstone, if allowed by the court, but the facts do not show that such unjust enrichment of the estate was brought about under conditions affording equitable relief.
Under the law the administratrix held the property of deceased as a trustee for the benefit of creditors, legatees, heirs and distributees and the equitable title to such property is in them. Love v. White, 348 Mo. 640, 154 S.W.2d 759, 760; Williams v. Patterson, 240 Mo.App. 131, 218 S.W.2d 156, 171, 172.
The administratrix can only administer this estate by order of the Probate Court and the representations made by Elizabeth Rhodes, one of the heirs, as to her opinion regarding the law or regarding the liability of appellant to pay for the funeral expenses and for the tombstone, in no way, could bind the estate. Neither could the offhand opinion of the undertaker, Morgan, bind the estate or constitute such legal fraud as to be grounds for equitable action. There is no allegation of facts in the petition that the statements as to appellant's liability, made by Elizabeth Rhodes and Morgan, were made, knowing at the time they were false, and made for the purpose of deceiving appellant and causing her to act thereon.
We hold that the allegations of the petition are wholly insufficient to state a cause for equitable relief.
We further hold that if the action had been one purely of equity the one year statute of limitations would not apply, but we think that has no bearing in view of our decision that the facts stated in the petition were not sufficient to constitute grounds for equitable relief.
Judgment affirmed.
VANDEVENTER, P. J., and BLAIR, J., concur.