Jerry HAZLETT, Appellant,

v.

Florence Marilyn CLARK, Respondent.

No. WD 33933.

Missouri Court of Appeals,
Western District.

March 15, 1983.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and
Denied May 3, 1983.

Jack A. Lewis, North Kansas City, for appellant.

William E. Shull, Kearney, for respondent.

Before PRITCHARD, P.J., and MANFORD and NUGENT, JJ.

MANFORD, Judge.

This is an appeal from a judgment denying specific performance of a separation agreement originating with a prior dissolution proceeding. The judgment must be reversed.

This case was tried to the court on a stipulation of facts supplemented by respondent's deposition. The matter is reviewed under Rule 73.01 as interpreted by *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976), which mandates that a judgment will not be overturned unless it lacks substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. Neither party requested findings of fact or conclusions of law, and absent such request, the trial court was not obligated to provide same. *Citizens Ins. Co. of New Jersey v. Kansas City Commercial Cartage, Inc.,* 611 S.W.2d 302 (Mo.App.1980). Where there is no request for findings of fact and conclusions of law, all fact issues are to be found in accordance with the result reached by the trial court. *Wingate v. Griffin,* 610 S.W.2d 417 (Mo. App.1980). As observed infra, reversal herein arises as a result of the trial court's erroneous application of the law. *Murphy v. Carron, supra.*

This court has not even been provided the pleadings in this case, and the record consists of an "Agreed Statement As The Record on Appeal", the parties' briefs, attending documentation, and respondent's deposition. From this sparse record, this court has gleaned the following pertinent facts.

Relative to an action for dissolution of their marriage, the parties entered into a separation agreement. This agreement was executed May 31, 1978. The portion of the agreement now in dispute reads as follows:

"Husband agrees to convey to wife all his right, title and interest in the parties' home located at 5320 N. Euclid, Kansas City, Missouri, more fully described as follows: (legal description omitted) * * *

Wife agrees to assume any and all liabilities regarding said property and further agrees to personally indemnify husband from any future obligations regarding said property. Both parties further agree that should wife remarry or cohabit with another within a period of five years from the date of the dissolution, then the property located at 5320 N. Euclid, Kansas City, Missouri, shall be sold and after paying all expenses of sale, the proceeds from said sale shall be divided equally."

On July 25, 1978, the trial court entered its decree of dissolution and approved the separation agreement as not unconscionable. The separation agreement was incorporated and made a part of the decree. On this same date, appellant executed a quit claim deed in respondent's favor on the above real property. The deed included the following recital: "Subject to easements, restrictions and community property agreements, if any, now of record."

The dissolution was granted in Jackson County, Missouri. The real property is located in Clay County, Missouri. The quit claim deed was recorded at 11:00 a.m. on July 25, 1978, Book 1316, p. 178, in the Office of the Recorder, Clay County, Missouri. There is no showing that either the decree of dissolution or the separation agreement were ever filed of record in Clay County, Missouri.

On February 26, 1980, respondent remarried, and at the time of the commencement of this action resided with her new spouse and children at the above residence.

Appellant seeks enforcement of the above portion of the separation agreement by this action in specific performance. Respondent defends on the premise that appellant waived all rights and restrictions relative to said property by his execution of the quit claim deed which, by its terms, conveyed full, complete, and unrestricted title to said property in respondent's favor.

A review of the quit claim deed makes respondent's point quite apparent that the deed contains no valid reservation or restriction upon the conveyance. Appellant's argument that the term "and community

property agreement if any" is meritless. The result of all of this is that it really is not determinative of the matter.

Appellant has presented six points on appeal, only one of which approximates the legal issue herein. Appellant's point (3) comes nearer than all of the others when it declares, "Appellant granted respondent a defensible fee subject to conditions subsequent."

The question presented by this case is one of law. That question is: What was the effect of appellant's conveyance (under the deed) upon his contractual right to have the property sold and the proceeds divided upon respondent's remarriage within five years of the date of the dissolution? (under the separation agreement)

In order for respondent to prevail and appellant's contractual right of sale of the residence to be defeated, the terms of the separation agreement would have had to merge with the deed.

There is a general prevailing rule as to the merger of all previous contracts into the deed, and that rule applies to purchase agreements for the sale of real property. The rule is stated in *Artman v. O'Brien*, 398 S.W.2d 24, 27 (Mo.App.1965) wherein the court held: "No rule of law is better settled than that where a deed has been executed and accepted as performance of an executory contract to convey real estate, the contract is functus officio, and the rights of the parties rest thereafter solely on the deed." Thus, under that rule the deed, as offered and accepted, creates a new agreement relative to the form and content of the deed and supersedes any prior contrary agreement.

In *Hutchens Bros., Inc. v. Brownsberger*, 624 S.W.2d 538, 540 (Mo.App.1981), this court noted that the rule is confined to the question of the sufficiency of the deed itself, i.e., title, possession, quantity or emblements of the land and does not apply to "collateral matters". At 540 of *Hutchens*, this court specifically noted: "Where there are items of agreement outside of and beyond the conveyance itself, particularly with respect to obligations which are to be performed at a time subsequent to the date of the deed, there can be no merger to cut off the future obligation."

Although this court in *Hutchens* relied upon *Tighe v. Locke*, 299 S.W. 105 (Mo.App. 1926), a decision which held a future obligation which did not merge was that of a vendor, this court further held in *Hutchens* that the rule was equally applicable to a vendee. For similar decisions on the merger question, *see Lawrence v. Cameron Savings and Loan Assoc.*, 395 S.W.2d 452 (Mo. 1965); *Estate of Kielhafner*, 639 S.W.2d 115, 117 (Mo.App.1982); and *Prewitt v. Continental Ins. Co.*, 538 S.W.2d 902, 905 (Mo. App.1976).

■ The posture of the instant case provides that there was a separation agreement entered into relative to a dissolution proceeding, found not to be unconscionable by the court, which left open the conveyance from appellant to respondent on a subsequent condition, to wit, that respondent not remarry or cohabit for a period of five years. This condition was a performance subsequent to the date of execution of the deed which by its expressed terms was for five years and did not merge in the deed. It was a "collateral matter". *Hutchens, supra.* The execution of the quit claim deed by appellant was but a partial execution of the terms of the separation agreement. There remained the performance by respondent not to remarry or cohabit for the five-year term. The fact that appellant executed the deed and thereby conveyed his right, title, and interest pursuant to the terms of the separation agreement cannot be interpreted as a decision to relieve respondent of her responsibility under the terms of the separation agreement. As noted above, appellant's execution of the quit claim deed was but a partial performance or execution of the terms of the separation agreement and as a matter of law, that partial performance and the conveyance completed thereby did not merge the separation agreement into the quit claim deed.

The trial court misapplied the law in entering its judgment for respondent and the

judgment is hereby reversed, *Murphy v. Carron, supra,* and this cause is remanded for the entry of judgment granting specific performance in favor of appellant as prayed.

All concur.