**Ronald MUNN, Appellant,**

v.

**Lyle GARRETT, Respondent.**

**No. 13029.**

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 23, 1984.

Brad D. Eidson, Houston, for appellant.

Ronald D. White, Rolla, J. Max Price, Price & Beger, Salem, for respondent.

CROW, Judge.

Appellant ("Munn") appeals from an order granting respondent ("Garrett") a new trial. § 512.020, RSMo 1978. We affirm.

This suit arose from the purchase of two items by Munn from Garrett: (1) a farm tractor, to which were attached a front-end loader and a brush-hog, and (2) a gooseneck trailer. After the sale, Munn filed a two-count petition against Garrett. Count I alleged that Garrett, prior to the sale, knowingly made false representations to Munn about the tractor and its attachments; Count II alleged that Garrett warranted to Munn that the trailer was fit to carry a motor vehicle from California to Missouri, but that the trailer was in fact unfit for such purpose.

The cause was tried by the court, without a jury, on September 29, 1982. On that date, the court wrote this on the docket sheet: "Parties appear with their attorneys and announce ready for trial. Jury waived. Stipulation filed. Evidence heard. Stipulation considered. Arguments of counsel. Judgment for plaintiff on Count I for $500.00 and on Count II for $475.00 for a total judgment of $975.00. Costs taxed to defendant."

On October 12, 1982, a separate document designated "Judgment," bearing the court's signature, was stamped filed by the circuit clerk. On the same day, the notation "Judgment filed" was made on the docket sheet. Neither party questions the sufficiency of the document filed October 12, 1982, to constitute a judgment.

On October 14, 1982, Garrett filed a motion for new trial on both counts.

On November 9, 1982, the court heard counsels' arguments on Garrett's motion, and, on the same day, entered this order: "Motion for new trial sustained on the grounds that the verdict is against the weight of the evidence on both Counts I and II." This appeal followed.

Preliminarily, we note that although the order awarding the new trial recites that the "verdict" is against the weight of the evidence, there was no verdict in this case. A verdict is the definitive answer given by the jury to the court concerning matters of fact committed to the jury for its deliberation and determination. *Delaney v. Gibson,* 639 S.W.2d 601, 603 (Mo. banc 1982); *State ex rel. Vogel v. Campbell,* 505 S.W.2d 54, 56 (Mo. banc 1974). Inasmuch as no jury heard this case, there could be no verdict.

Secondly, we observe that no findings of fact were requested by either party and none were made by the court. Therefore, all fact issues are considered as having been found in accordance with the result reached. Rule 73.01(a)(2)[1]; *Hazlett v. Clark,* 652 S.W.2d 135, 136[3] (Mo.App. 1983).

The parties have treated the order of November 9, 1982, as a ruling by the court that its findings are against the weight of the evidence on both counts. A

---

**1.** Rule references are to Missouri Rules of Civil Procedure (13th ed. 1982).

trial court has the power to award a new trial in a court-tried case on the ground that its findings are against the weight of the evidence. Rule 78.01; *Castorina v. Herrmann*, 340 Mo. 1026, 104 S.W.2d 297, 300 (1937). Accordingly, we treat the trial court's order as if it had said the findings on both counts are against the weight of the evidence.

Munn's first point argues that (1) Garrett's motion for new trial on Count I was "limited to damages only," (2) the new trial was awarded on the ground that the findings are against the weight of the evidence, a ground not assigned in the motion for new trial with respect to Count I, (3) consequently, the order for new trial as to Count I was entered on the court's own motion, and (4) the court, at the time it entered the order, was without jurisdiction to order a new trial on its own initiative, in that more than 30 days had elapsed since entry of the judgment.

█ Munn correctly points out that after 30 days pass following entry of judgment, a trial court's jurisdiction to grant a new trial is limited to one or more of the grounds specified in a party's timely motion for new trial. *Loveless v. Locke Distributing Co.*, 313 S.W.2d 24, 27[1] (Mo. 1958); *Stretch v. State Farm Mutual Automobile Insurance Co.*, 645 S.W.2d 729, 731 (Mo.App.1983). Accordingly, if (a) the court's handwritten notation of September 29, 1982, is the judgment in this cause, and (b) Garrett's motion for new trial failed to preserve the ground that the findings on Count I are against the weight of the evidence, Munn's first point must prevail.

█ Although we recognize that a docket entry may sometimes constitute a judgment, *Byrd v. Brown*, 641 S.W.2d 163, 166[2] (Mo.App.1982), and that the failure to embody a judgment in a formal judgment entry does not prevent the judgment from being effective, *Byrd v. Brown*, 613 S.W.2d 695, 698[7] (Mo.App.1981), we do not believe the notation of September 29, 1982, constitutes a judgment in the circumstances here.

We believe the proper rule for this case is the one laid down in *Magee v. Mercantile-Commerce Bank & Trust Co.*, 339 Mo. 559, 561, 98 S.W.2d 614, 616[4] (1936), and repeated in *Byrd*, 641 S.W.2d at 167: We should overlook the omission of mere matters of form and hold that the judgment is sufficient to support an appeal when it appears to have been intended by some competent tribunal as the determination of the rights of the parties to an action, and shows in intelligible language the relief granted.

█ Here, it is evident to us that the trial court did not intend the notation of September 29, 1982, to constitute a judgment determining the rights of the parties. The fact that the court signed and filed a formal judgment on October 12, 1982, belies Munn's contention that the court intended its notation of September 29, 1982, to be its judgment. Moreover, Munn's attorney, with praiseworthy candor, conceded during oral argument before us that when the parties and their attorneys departed the courtroom after trial on September 29, 1982, the attorneys understood that a formal judgment was to be prepared for the court by the attorney for the winning party, incorporating the conclusions the court had announced from the bench.

We therefore reject Munn's argument that the judgment in this cause was entered September 29, 1982. We hold that the judgment was entered October 12, 1982.

█ Courts retain control of their judgments during the 30-day period after their entry, and are authorized to order a new trial on their own initiative for any reason for which they might have granted a new trial on motion. Rule 75.01; *Keyte v. Parrish*, 399 S.W.2d 601, 603[2] (Mo.App. 1966). The order of November 9, 1982, awarding the new trial, came within 30 days after the entry of judgment on October 12, 1982. Accordingly, the trial court had authority, on its own initiative, to order the new trial on the ground that its findings were against the weight of the evidence. Consequently, we need not decide

whether Garrett's motion for new trial preserved that ground as to Count I.

Munn's first point is denied.

Munn next asserts that the trial court abused its discretion in ordering a new trial on the ground that its findings on both counts were against the weight of the evidence. As we understand Munn's argument, he contends that if a plaintiff makes a submissible case, and receives a judgment in his favor, it is an abuse of discretion for a court to award a defendant a new trial on the ground that the judgment is against the weight of the evidence. Munn says he made a submissible case on both counts.

 Garrett responds by correctly pointing out that the rule advanced by Munn is not the test in Missouri for determining whether a trial court has abused its discretion in awarding a new trial on the ground that its findings are against the weight of the evidence. The Missouri rule is that a trial court does not abuse its discretion in awarding a new trial on that ground if there was sufficient substantial evidence to support a finding for the party to whom

the new trial is granted. *Castorina*, 104 S.W.2d at 300. If there was such evidence, the order awarding the new trial must be upheld. *Id.* at 301.

We have carefully studied the transcript, and, without lengthening this opinion with a summary of the evidence, we hold there was sufficient substantial evidence to support findings in Garrett's favor on both counts.[2] Indeed, Munn's brief tacitly, if not explicitly, concedes as much. Accordingly, the trial court did not abuse its discretion in ordering a new trial on both counts on the ground that its findings were against the weight of the evidence.

The order granting a new trial is affirmed and the cause is remanded.

GREENE, C.J., FLANIGAN, P.J., and TITUS, J., concur.

---

2. We do not imply there was insufficient substantial evidence to support findings in Munn's favor on both counts.