**BANK OF BROOKFIELD–PURDIN, N.A., Respondent,**

v.

**Kenneth BURNS individually and Kenneth Burns Farms, Inc., Appellant.**

**No. WD 38619.**

Missouri Court of Appeals, Western District.

June 2, 1987.

John F. Arens, Richard P. Alexander, Fayetteville, Jackie L. Bailey, Marceline, for appellant.

Richard N. Brown, Brookfield, for respondent.

Before GAITAN, P.J., and SHANGLER and MANFORD, JJ.

GAITAN, Presiding Judge.

Plaintiff-respondent, Bank of Brookfield-Purdin (hereinafter referred to as the "bank"), brought this action to recover on three promissory notes signed in favor of

the bank by defendant-appellant, Kenneth Burns, individually, and as president of defendant-appellant Kenneth Burns Farms, Inc. (appellants hereinafter referred to as "Burns").

Pursuant to Rule 75.01, the trial court set aside the jury verdict rendered in favor of Burns and ordered a new trial on the grounds that a juror intentionally concealed information during voir dire. Burns seek review of that order. We reverse.

The trial of this matter was held on May 9, 1986, and the jury returned a verdict in favor of Burns on each of the three promissory notes. At voir dire, the bank's attorney asked each of the venireman if they "had ever had any problems with a bank". Venireman Roscoe Bankus replied "no". Mr. Bankus did not disclose that on October 15, 1985, the United Missouri Bank of Milan, Missouri, had foreclosed upon some real estate owned by himself and his former spouse, and that a deficiency remained after the foreclosure sale. Mr. Bankus sat as a juror in this action.

Following the return of the jury's verdict, the bank orally moved for judgment notwithstanding the verdict. The court granted the bank ten days within which to file a brief in support of its motion, and Burns were given ten days thereafter to reply. The court stated that it would postpone the entry of judgment until ruling on the bank's motion. Ten days later, the bank filed a written motion for judgment n.o.v., or, alternatively, for new trial. On July 15, 1986, the court denied the bank's motion and signed the formal order of judgment in favor of defendants.

Pursuant to Rule 75.01, on July 16, 1986, the court *sua sponte* issued a Notice of Hearing. That notice stated that a hearing would be held on July 28, 1986, "on the issues of vacating, reopening, correcting, amending, or modifying the judgment entered 15 July 1986 and ordering a new trial".

At the July 28, 1986 hearing, counsel for the bank requested that the judgment entered for the Burns be corrected, because the judgment was overbroad and was not in accordance with the instructions given by the court. The bank's counsel further contended that the judgment, after correction, should be set aside and a new trial granted on two grounds. The first ground was that the jury was confused "as to the effect of its decision on any finding for the defendant [as evidenced] by its inquiry to the court which was made during deliberations". The bank's second ground was Roscoe Bankus's failure to disclose during voir dire that the United Missouri Bank of Milan had foreclosed upon some land owned by him. The court limited the issues at the hearing to the alleged misconduct of the juror during voir dire.

On August 4, 1986, the court issued its order, including findings of fact. The court found without explanation that the "judgment entered was overly broad in its scope in light of the jury's verdict and should in any wise be set aside." The court further found that Mr. Bankus willfully had failed to disclose on voir dire information relevant to the subject matter of the case, and that the failure to disclose denied the bank the right to effectively challenge the juror. On those grounds, the court vacated the judgment entered July 15, 1986, for the Burns and ordered a new trial.

### I.

Defendants argue that the trial court lacked jurisdiction to vacate the judgment and order a new trial because the thirty-day period of Rule 75.01 during which the trial court retained control over the judgment had expired. We agree, and, therefore, vacate the August 4, 1986 order of the trial court.

Rule 75.01 limits the time within which the trial court may vacate, reopen, correct, amend or modify a judgment, or *sua sponte* grant a new trial to thirty days after entry of judgment. Rule 78.04 requires that the judgment on a jury verdict "shall be entered as of the date of the verdict". *See Brockhoff v. Leary*, 711 S.W.2d 869, 870, n. 2 (Mo. banc 1986). Accordingly, reading the two rules together, the thirty-day period during which the court retains control over the judgment

under Rule 75.01 is to be measured from the time of the verdict.

 The filing of a motion for a new trial extends the jurisdiction of the court to grant a new trial upon only the grounds raised in such motion for up to ninety days after the filing of the motion. Rules 78.04 and 78.06; *Stretch v. State Farm Mutual Automobile Insurance Co.*, 645 S.W.2d 729, 731 (Mo.App.1983). Once the trial court rules upon the new trial motion, however, it loses jurisdiction over the case if the thirty-day period after entry of judgment has passed. *See State ex rel. Steinmeyer v. Coburn*, 671 S.W.2d 366, 371 (Mo. App.1984); *Godsy v. Godsy*, 521 S.W.2d 449, 451 (Mo.App.1975), *appeal dismissed*, 423 U.S. 887, 96 S.Ct. 181, 46 L.Ed.2d 119 (1975). Rule 44.01 prohibits a trial court from extending the time limits of Rule 75.-01, or from delaying the entry of judgment as of the date of the verdict under Rule 78.04.

In the present case, the bank filed a timely motion for judgment n.o.v., or, for new trial. The trial court denied that motion on July 15, 1986. The trial court was then without jurisdiction over the case to vacate that order or to *sua sponte* grant a new trial since more than 30 days had passed since the judgment was entered on the verdict and because when it ruled on plaintiff's motion for judgment n.o.v. and for new trial on July 15 it exhausted its jurisdiction. *See Dayringer v. Mullen*, 651 S.W.2d 500 (Mo.App.1983). Therefore, the court's order of August 4, 1986, vacating the judgment and ordering a new trial exceeded the court's jurisdiction and was without force or effect. *See State ex rel. Division of Family Services v. Oatsvall*, 612 S.W.2d 447, 452 (Mo.App.1981). Consequently, the jury verdict in favor of defendants was never vacated.

Pursuant to Rule 81.05, the judgment in Burns' favor became final upon the denial of the bank's after-trial motion. Rule 81.04 requires that a notice of appeal must be filed within ten days after the judgment becomes final. The bank failed to file a notice of appeal. Therefore, the judgment rendered in favor of Burns is the final disposition of the case.

The August 4, 1986 order of the trial court vacating the judgment entered for defendants and ordering a new trial is vacated. This matter is reversed and remanded with directions that the verdict in favor of the defendants be reinstated.

All concur.