**Helen M. ADAMS, Personal Representative of the Estate of Thurby Braggs, Deceased, Appellant,**

v.

**Albert BRAGGS, Mary Paine and Ernest R. Jennings, Respondents.**

**No. WD 39160.**

Missouri Court of Appeals, Western District.

Nov. 10, 1987.

William L. Hubbard, Kansas City, for appellant.

Paul Parkinson, Kansas City, for respondents.

Before CLARK, P.J., and TURNAGE and MANFORD, JJ.

CLARK, Presiding Judge.

This appeal presents the single question of whether a personal representative of a decedent's estate is entitled to reimbursement for funeral expenses advanced if no claim therefor was filed within the time provided under the statutes for presentment of claims. The trial court answered the question in the negative. We agree and therefore affirm.

Thurby Braggs died testate July 25, 1985. His will was admitted to probate and appellant was appointed personal representative August 7, 1985. On December 22, 1986, appellant filed an application with the court for authorization to reimburse herself out of estate assets for the sums of $2081.91 paid for funeral expenses and $748.00 for a cemetery plot. The court denied the application on the ground that § 473.360, RSMo 1986, bars payment of any claims against an estate unless the claim is presented within six months after

published notice of letters testamentary or of administration.

Appellant contends here that the trial court was in error because her subsequent appointment as personal representative reconstituted the payments first made in her individual capacity and converted those payments to the same status as though made by her as personal representative. On this line of reasoning, appellant contends it was unnecessary to present a formal claim. She also argues that reimbursement should be allowed on the ground that non-payment unjustly enriches the estate.

It appears that appellant, for reasons not disclosed in the record, paid from her own funds the expense of the deceased's funeral and burial lot. Appellant is the sister of the deceased and, although named personal representative in the will, she is not a beneficiary of any bequest. Thus, disallowance of her claim for reimbursement will result in her personal loss of the sums involved.

■ All claims against an estate, with some exceptions not applicable here, which are neither filed with the probate court nor paid by the personal representative within six months after the first published notice of letters testamentary or of administration, are forever barred. Section 473.360, RSMo 1986.[1] Claims which a personal representative may pay without the necessity for the filing of a formal claim do not include the personal representative's own claims. Section 473.403.2. Where the personal representative has a claim against estate assets, he may not pass upon allowance and payment. Instead, the personal representative must file the claim and either file the written consent to the claim by those adversely affected or secure approval by an administrator ad litem. Section 473.-423. Any such claim by the personal representative must be filed within the period specified in § 473.360. Such filing with the probate court cannot be avoided as to the personal representative's own claim because the alternatives of payment before

1. All statutory citations are to RSMo 1986.

the limitation period has run, or consent, are not available in that circumstance.

In this case, appellant paid the bills in question from her own funds at a time when no probate estate had been opened and she had not been appointed personal representative. She therefore succeeded to the rights of the funeral home and the cemetery in obtaining reimbursement and was under the same obligations to perfect the claim as any other creditor. Once she thereafter became personal representative, however, her entitlement to reimbursement was subject to the restrictions of § 473.423, applicable to claims by personal representatives.

It was admitted that appellant filed no claim as required by § 473.360 and that no consent to payment was given by beneficiaries of the estate and no administrator ad litem was appointed. In fact, those adversely affected opposed the payment. Under these facts, the claim was barred by § 473.360 when presented by application filed December 22, 1986.

■ Appellant argues that the payments she made were actually advances for the benefit of the estate and, having been paid by her within the statutory claim period, they were equivalent either to payment by a personal representative under § 473.360 or acknowledgement of a just claim under § 473.433. This theory depends on appellant's further argument that her subsequent appointment as personal representative related back so that her previous acts as an individual became acts of the personal representative.

There is no support in the probate code or in the reported cases for application of a relation back theory in this circumstance. Appellant does cite, 31 Am.Jur.2d *Executors and Administrators* § 162 (1967), for the proposition that letters of administration relate back to the date of decedent's death and prior acts of the personal representative that were beneficial to the estate are validated by the subsequent appointment of the personal representative. No

Missouri case has adopted this concept in relation to probate administration, but assuming the doctrine were accepted under Missouri law, it has no application in the facts of this case.

In the first place, there was no showing that any benefit accrued to the estate because of the action taken by appellant in advancing funds to pay the accounts. No contention has been made that the expenses were any less than would otherwise have been charged if the funeral home and cemetery had followed the usual practice of obtaining payment through a claim against the estate. Obviously, the estate was solvent and no need was demonstrated by appellant to supply her own funds to obtain the burial services. Secondly, and more significantly, there is no suggestion in this record that when appellant assumed responsibility for payment of her brother's burial expenses, she purported to act on behalf of the estate or as personal representative. The relation back doctrine, even if it be a viable theory, is not compatible with the facts in this case.

■ Appellant contends in a second point that her claim should be allowed on equitable grounds because the consequence of disallowance is an unjust benefit to the estate. There is no question that appellant could have presented a claim against the estate within the six month period allowed under § 473.360 and, for all that appears, payment would have routinely been approved. No explanation is offered as to why appellant failed to do so. There is no allegation that the claim period was allowed to lapse except on account of appellant's own failure to avail herself of the available remedy.

It is a fundamental tenet of equity that equity aids the diligent and does not aid those who have an adequate legal remedy and sleep upon their rights. *Kliethermes Motor Co. v. Cole Motor Service*, 102 S.W. 2d 819, 823 (Mo.App.1937). Appellant cannot now invoke the aid of equity when she failed to pursue a plain remedy fixed by statute. *See also Rhodes v. Rhodes' Es-*

*tate*, 246 S.W.2d 98 (Mo.App.1952), a case of virtually identical facts.

The judgment is affirmed.

All concur.