Karlus L. COZART, Plaintiff–Appellant,

v.

MAZDA DISTRIBUTORS (GULF), INC., and Sellers–Sexton, Inc., Defendants–Respondents.

No. 18487.

Missouri Court of Appeals, Southern District, Division One.

Sept. 16, 1993.

James D. Sickal, Waynesville, for plaintiff-appellant.

Thomas O. Baker, Baker, Sterchi & Cowden, Kansas City, for defendant-respondent Mazda Distributors (Gulf), Inc.

J. William Turley, Williams, Robinson, Turley, Crump & White, Rolla, for defendant-respondent Sellers–Sexton, Inc.

SHRUM, Judge.

This appeal involves the involuntary dismissal for failure to prosecute of the plaintiff's personal injury suit and the plaintiff's efforts to have that order set aside. The trial court sustained a motion by one of the defendants to set aside earlier trial court orders that purported to set aside the order of dismissal and reinstate the action to the active docket, and the court denied the plaintiff's request that the dismissal be set aside. The plaintiff appeals; we affirm.

## FACTS

On January 13, 1986, the plaintiff filed suit against Mazda Distributors (Gulf), Inc., and Sellers–Sexton, Inc., seeking damages for personal injuries he sustained in a one car accident on August 23, 1983.

Activity in the case, as reflected by the docket sheet, gradually dwindled until June 6, 1990, when the trial court dismissed it without prejudice for lack of prosecution. From affidavits of the plaintiff's attorney and the attorney's office manager we learn that the attorney did not receive notice before June 6, 1990, that the case was on the dismissal docket and did not receive notice of the June 6, 1990, dismissal. When, on July 23, 1990, the attorney first learned of the dismissal, he went directly to the trial judge's office to discuss the matter. On July 23, the judge signed an order, prepared by the plaintiff's attorney, by which the court "set aside" the June 6, 1990, order of dismissal and "reinstated" the cause to "the active trial docket."

It is clear from the record that the plaintiff's attorney did not file a written motion

asking that the June 6, 1990, order be set aside, nor were the other litigants or counsel notified that an *ex parte* oral request for such relief was being made. Further, the record is devoid of any indication that other litigants or counsel were notified of or had knowledge of the entry of the July 23, 1990, order until some date in 1992.

The cause found its way to the dismissal docket a second time, as reflected by the following docket sheet entries:

| 06/12/92 | Motion Filed Mot. to Remove from Dismissal Doc. Attorney for Plaintiff |
| --- | --- |
| 06/12/92 | Motion Disposed Days Motion to Remove from Dismissal Doc. Sustained |
| 06/12/92 | Document Filed Order to Reinstate Case Judge Copies of order mailed to all attys. of record |

Documents in the legal file enable us to flesh out these cryptic docket sheet entries. In an undated motion bearing a circuit clerk file stamp date of June 12, 1992, the plaintiff stated he was on active duty with the United States Army in Europe and requested his case be reinstated to the active docket. In response, the trial court issued an order, dated June 8, 1992, and bearing a file stamp date of June 12, 1992, by which the court "ordered that the above-entitled cause and the dismissal thereof is hereby set aside for good cause shown and the above matter is reinstated on the active trial docket."

Nothing in the record indicates that the other litigants were notified prior to June 12, 1992, of the plaintiff's request that the case be removed from the dismissal docket.

By motion filed August 7, 1992, Mazda asked the trial court to vacate its orders of July 23, 1990, and June 8, 1992,[1] or, alternatively, that it dismiss the action because of lack of subject matter jurisdiction. Relying on Supreme Court Rule 75.01[2] and cases

---

1. For convenience, we refer to the second "reinstatement" order by the date it was signed rather than by its file stamp date.

2. In pertinent part, Rule 75.01 provides:

The trial court retains control over judgments during the thirty-day period after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time.

interpreting it, Mazda averred that the trial court lost jurisdiction thirty days after the June 6, 1990, dismissal; hence, the July 23, 1990, and June 8, 1992, "reinstatements" were void.

On October 1, 1992, before Mazda's motion was ruled, the plaintiff filed his "Motion to Set Aside Judgment Or In The Alternative Suit in Equity To Set Aside Judgment of Dismissal" (hereafter, "the October 1 motion"). In the October 1 motion, the plaintiff sought

an order pursuant to Civil Rule 74.06 to set aside a judgment of dismissal for failure to prosecute entered ... on June 6, 1990, on the basis that it is no longer equitable that said judgment remain in force, and in the alternative, requests this Court to invoke its equitable powers and jurisdiction and consider this pleading as a separate suit in equity for the purpose of setting aside said judgment....

Additional relevant docket sheet entries follow. We number the docket sheet entries for purposes of subsequent reference.

(1)  10/15/92  Event
Motion Hearing—Contested                                                                 9:00 a.m.
Honorable John D. Wiggins [3]

Plt. appears by Mr. Sickal; Defs appear by Mr. Poland Mr. Morgan and Mr. Turley; Arguments heard; Court sustains Def's motion to vacate the order of reinstatement and enters and [sic] order dismissing case.  JDW

(2)  10/15/92  Event Complete
Motion Hearing—Contested
Motion(s) Sustained

(3)  10/15/92  Case Disposed                                                              2467 days
Dismissed By Court

(4)  10/15/92  Motion Disposed                                                             14 days
Motion for New Trial/Vacate/Set Aside
Overruled/Denied

Motion to set aside judgment or in the alternative suit in equity to set aside judgment of dismissal

---

On his notice of appeal the plaintiff identified the "Judgment or Order Appealed From" thus: "Order of Court sustaining Defendants' Motion to Vacate the Order of Reinstatement and entering an order dismissing case." Attached to the notice of appeal was a one-page document denominated "Minutes" that is virtually identical in content to the October 15, 1992, docket sheet entry No. 1 set out above. The legal file, certified by the circuit clerk of Pulaski County contains an untitled additional document, one not attached to the plaintiff's notice of appeal, that contains the same information as docket sheet entry No. 4 quoted above and also indicates the motion was filed by the attor-

ney for the plaintiff on October 1, 1992. The record contains no separate document signed by the judge and filed by the circuit clerk that describes the trial court's action with respect to the plaintiff's October 1 motion.

### DISCUSSION AND DECISION

In his sole point on appeal, the plaintiff states, "The trial court erred in its ruling on October 15, 1992, for the following reasons:" He then sets out various reasons for this generic allegation that the trial court made an erroneous ruling. From those reasons we can determine (1) that the plaintiff is challenging what he perceives to be the trial

---

**3.** Judge Wiggins apparently was assigned to the case after June 1992. He was not the trial judge who entered the July 23, 1990, and June 8, 1992, orders purporting to reinstate the cause.

court's failure to rule on his October 1 motion and (2) the basis for his challenge is his assertion that the trial court had jurisdiction to rule on his October 1 motion, which, he says, stated grounds for equitable relief. Alternatively, he claims that if the trial court lacked jurisdiction to rule on his October 1 motion, then it also lacked jurisdiction to rule on Mazda's motion to vacate or dismiss and, therefore, that ruling was erroneous.[4]

The plaintiff's argument is essentially threefold: the trial court did not rule on his October 1 motion; the October 1 motion invoked the equitable jurisdiction of the trial court; and the October 1 motion stated equitable grounds for relief from the dismissal.

■ The plaintiff's initial claim, that the trial court did not rule on his October 1 motion, is refuted by the October 15, 1992, docket sheet entry No. 4, and the untitled document of like import in the legal file.

■ We first note the distinction between a ruling of a court and the entry of that ruling. Rendition of a judgment is a judicial act of the court; entry of the judgment on the records of the court is a ministerial act. *Fleming v. Clark Township of Chariton County,* 357 S.W.2d 940, 942[2] (Mo.1962); *State ex rel. M.J. Gorzik Corp. v. Mosman,* 315 S.W.2d 209, 211[4] (Mo.1958). When the court does not render a judgment in the form of a separate document, signed by the judge and entered by the clerk, we may look to the judge's minute entry or docket sheet entry to determine what judg-

ment, if any, the court rendered. *Byrd v. Brown,* 641 S.W.2d 163, 166–67[2] (Mo.App. 1982). In the absence of a rule requiring a judgment to be embodied in a separate document, where it is clear that a competent tribunal intended a minute entry or docket sheet entry to be a determination of the rights of the parties to the action and shows in intelligible language the relief granted, the minute or docket entry may be considered the judgment. *Id.* at 166–67[2, 3].[5]

In the case before us, docket sheet entry No. 4 and the separate untitled document satisfy the requirements set out in *Byrd.* The entries identify the plaintiff's October 1 motion by its filing date, the name of the movant, and the title given the motion by the plaintiff. Both the docket sheet entry and the separate document state the action taken: "Overruled/Denied." Although the cryptic entries, possibly written in obedience to some computer software program, are not as informative as a narrative descriptive of a trial court action, it remains clear from the record that the trial court ruled on the plaintiff's October 1 motion.[6]

■ We note an apparent difference between this case and *Byrd.* In *Byrd,* the docket sheet entry was made by the judge. Here, the record does not permit an informed conclusion about whether the judge or the clerk made the entries. However, a court of record speaks by its records, *Eastin v. Franklin,* 806 S.W.2d 57, 61 (Mo.App. 1991), and the record before us shows that

---

4. In the argument portion of his brief the plaintiff confirms our analysis of his point relied on with his statement that he "appeals from the Court's Order entered on October 15, 1992, in sustaining Respondent's motion and in failing to exercise its jurisdiction and rule on [the plaintiff's] Motion and Suit in Equity to Set Aside Judgment of Dismissal and to reinstate the case on the active trial docket."

Rule 84.04(d) requires that an appellant's "points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed...." It is only by reading the plaintiff's point relied on in its entirety and his argument that we learn "what actions or rulings of the court" he wishes us to review. Despite the plaintiff's failure to adhere to the mandate of Rule 84.04(d), we shall review his claim of trial court error, as we understand it from our reading of his point relied on and his argument.

5. The differences in the definitions of *judgment* and *order* applicable in *Byrd* (Rules 74.01 and 74.02, Missouri Rules of Court 9th ed. 1978) and applicable to this action (Rules 74.01(a) and 74.-02, Missouri Rules of Court 1993) are not germane to the issue raised by the plaintiff.

6. This is not a case like *Munn v. Garrett,* 666 S.W.2d 37 (Mo.App.1984), in which this district of the court of appeals held that the trial court's docket entry, which otherwise satisfied the requirements of a judgment as stated in *Byrd,* was not intended by the court to be a judgment where the attorneys understood that the attorney for the prevailing party was to prepare a formal judgment, which judgment was later signed and filed by the court. 666 S.W.2d at 39[3–5].

the trial court ruled on the plaintiff's October 1 motion. If the plaintiff's complaint is that the record entries are the result of clerical error, he should have presented that complaint to the trial court.

■ The plaintiff's arguments that he invoked the equitable jurisdiction of the court and that his October 1 motion stated grounds for equitable relief are closely related and we treat them together. The plaintiff contends that Rule 74.06 provides relief from a strict application of Rule 75.01, set out in pertinent part *supra* note 2. Relevant portions of Rule 74.06 provide:

> (b) ... On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) fraud ... or other misconduct of an adverse party; (3) the judgment is irregular; (4) the judgment is void; or (5) ... it is no longer equitable that the judgment remain in force.

> (c) ... A motion under subdivision (b) does not affect the finality of a judgment or suspend its operation. The motion shall be made within a reasonable time and for reasons (1) and (2) and (3) of subdivision (b) not more than one year after the judgment or order was entered....

> (d) ... This Rule 74.06 does not limit the power of the court to entertain an independent action to relieve a party from a judgment or order or to set aside a judgment for fraud upon the court.... [T]he procedure for obtaining any relief from a judgment shall be by motion as prescribed in these Rules or by an independent action.

■ Under Rule 74.06 a trial court has jurisdiction to entertain requests for relief from judgments and orders even after the 30–day period described in Rule 75.01. *Everhart v. Crabb*, 775 S.W.2d 335, 337[2] (Mo. App.1989). Rule 74.06(d), however, makes clear that Rule 74.06 is not the exclusive remedy for relief from a judgment; a party also may seek relief in an independent action. Where, as here, no independent action is filed, a trial court should look to the substance of a motion seeking relief to see if it invokes the equitable powers of the court and, thus, may be considered an independent suit in equity. *Chrun v. Chrun*, 751 S.W.2d 752, 755 (Mo. banc 1988); *Thompson v. Columbia Mut. Ins. Co.*, 820 S.W.2d 626, 630[3] (Mo.App.1991).

The plaintiff relies on the portion of Rule 74.06(b)(5) that states a court may grant relief if "it is no longer equitable that the judgment remain in force" and on the principle stated in *Chrun* and *Thompson* that a motion may be treated as an independent action in equity. We have concluded, however, that the plaintiff's October 1 motion does not state a claim for equitable relief from the June 6, 1990, order of dismissal.

■ Granting the plaintiff's October 1 motion and its accompanying affidavits a liberal construction, see *Chrun*, 751 S.W.2d at 755, the sole basis for the plaintiff's claim for equitable relief is his own mistake of law in relying on the trial court's July 23, 1990, order by which it purported to vacate its June 6, 1990, dismissal and reinstate the plaintiff's cause of action. Unless applicable supreme court rules for relief from a judgment are utilized, a trial court is without jurisdiction to entertain proceedings affecting judgments and orders entered after the 30–day period described in Rule 75.01. *In re Marriage of Grigery*, 818 S.W.2d 738, 740[4] (Mo.App.1991); *Bank of Brookfield–Purdin, N.A. v. Burns*, 730 S.W.2d 605, 606–07 (Mo. App.1987). Under Rule 74.03, the plaintiff, within six months from the entry of the June 6, 1990, order, could have requested it be set aside "for good cause shown upon written motion...." The plaintiff acknowledges he did not file a written motion under Rule 74.03 within six months from the entry of the order of dismissal.

■ While courts of equity may grant relief against acts done under mistake or in ignorance of material facts, it is otherwise where a party wishes to avoid his act or deed on the ground he was ignorant of the law. *Simmons v. Friday*, 359 Mo. 812, 224 S.W.2d 90, 99[19] (1949). " 'The rule has often been stated that equity will not relieve against a mistake of law, at least where the mistake is one of law pure and simple, whether such

mistake is set up for affirmative relief or defensively.' " *Rhodes v. Rhodes' Estate,* 246 S.W.2d 98, 102[6] (Mo.App.1952) (quoting 30 C.J.S. *Equity* § 47(b) at 378, now 30A C.J.S. *Equity* § 49 at 221 (1992)). *See generally* 19 West's Missouri Digest 2d *Equity,* key number 7 (Mistake of Law) (1984). Moreover, "equity will not relieve against mistake when the party complaining had within his reach the means of ascertaining the true state of facts, and, without inducement by the other party, neglects to avail himself of his opportunities of information." *S.G. Payne & Co. v. Nowak,* 465 S.W.2d 17, 20[3] (Mo.App.1971). Rule 75.01 provided the plaintiff the means to determine whether the trial court had jurisdiction to render the July 23, 1990, order, and Rule 74.03 advised him of the method to avoid strict application of Rule 75.01.

Because it supports only a claim of the plaintiff's unilateral mistake of law, the October 1 motion fails to state a claim for equitable relief, either as an independent action or under Rule 74.06(b).

■■■ Although the plaintiff's attack on the trial court's ruling on Mazda's motion is, at most, indirect, we consider the merits of that ruling. As already noted, the plaintiff did not comply with Rule 74.03 in his attempt to have the June 6, 1990, dismissal set aside. Thus, under Rule 75.01, the trial court had no jurisdiction to set aside the dismissal and reinstate the cause. The trial court orders of July 23, 1990, and June 8, 1992, were void and the trial court did not err in sustaining Mazda's motion to set them aside.

We affirm.[7]

PARRISH, C.J., concurs in Result in Separate opinion.

MONTGOMERY, J., concurs.

PARRISH, Chief Judge concurring.

I concur in the result reached in the principal opinion. As I understand the facts,[1] the case was dismissed June 6, 1990. Although

not notified of the dismissal by the clerk, the attorney for plaintiff learned of the dismissal July 23, 1990. This was within six months from the trial court's order or judgment of dismissal for plaintiff's failure to prosecute. Rule 74.03 would have permitted plaintiff's attorney to file a written motion to set aside the dismissal. Had that been done, the trial court, for good cause shown, could have set aside the order or judgment of dismissal.

Plaintiff's attorney did not file a written motion to set aside the order or judgment of dismissal. Therefore, Rule 74.03 was never invoked. Further, since more than thirty days had elapsed between the date the case was dismissed, June 6, 1990, and the date the trial court purported to set aside the dismissal, July 23, 1990, the trial court lacked authority to "vacate, reopen, correct, amend, or modify" the order or judgment of dismissal. *See* Rule 75.01. The trial court's actions relative to setting aside the original dismissal were void. For that reason, I concur in the principal opinion's determination that the trial court's denial of the request that the dismissal be set aside should be affirmed.

---

7. Mazda's motion to dismiss the appeal, taken with the case, is denied.

1. In ascertaining the facts, it was necessary to scrutinize the computerized docket entries made by the trial court. The efficiency of computeriza-

tion is obvious. However, the docket entries were not informative. The principal opinion aptly characterizes them as "cryptic entries." They are so lacking in providing information that they approach being indecipherable.