BEN HUR CONSTRUCTION COMPA-
NY, Successor to Superior
Structural Steel Co., Plaintiff,

v.

A.S. GOODWIN, Samuel Spadea, Dennis
R. Toney, John Kerr, Kenneth Stewart,
and W.J. Muse, as Trustees of the Na-
tional Shopmen Pension Fund, Defend-
ants.

No. 84–2274C(4).

United States District Court,
E.D. Missouri, E.D.

April 2, 1985.

David F. Yates, Gerard Hempstead,
Mark Weisman, St. Louis, Mo., for plain-
tiff.

Thomas J. Hart, Lena S. Zezulin, Thomas
Hart & Associates, Washington, D.C., Bar-
ry J. Levine, St. Louis, Mo., for defendants.

## MEMORANDUM

CAHILL, District Judge.

This matter comes before the Court on
defendants' motion to dismiss or in the
alternative, motion to transfer.

Plaintiff is the successor of Superior
Structural Steel Company, a company that

was engaged in the business of fabricating iron, steel, metal, and other products. Superior was bound by a series of collective bargaining agreements with Shopmen's Local Union No. 518 of the International Association of Bridge, Structural and Ornamental Iron Workers (AFL–CIO). Pursuant to the bargaining agreement, Superior made payments into the National Shopmen Pension Fund. Superior, at a later date, discontinued its business operations, and subsequently ceased making contributions to the Fund. Superior was then notified by the Fund administrator of its withdrawal liability, and the Fund demanded that payment be made. Superior's withdrawal liability was determined to be $69,800. A schedule for payment of this amount was worked out between Superior and the Fund, requiring Superior to make payments in the amount of $1,514 in 80 equal quarterly installments. To date, Superior has made five of those payments under protest, pursuant to ERISA § 4219(c)(2); 29 U.S.C. § 1399(c)(2).

Plaintiff, as the successor of Superior, seeks a declaration by this Court that, as a matter of law, an employer is not subject to withdrawal liability under Section 4201 or 4211 of ERISA, if at the time the employer's withdrawal liability is calculated, the multiemployer pension plan has no unfunded vested benefits. *See* 29 U.S.C. §§ 1381 and 1391. Plaintiff also seeks a declaration by this Court of the proper application of the *de minimus* reduction rule. Plaintiff has voluntarily dismissed Count III of its complaint dealing with the building and construction industry exception.

### Withdrawal Liability.

Pursuant to 29 U.S.C. § 1381(a), if an employer withdraws from a multiemployer plan in what constitutes a complete or partial withdrawal, the employer becomes liable to the plan. Withdrawal liability is assessed against the employer. After the withdrawal liability is calculated, it can be adjusted through application of the *de minimus* rule. *See* 29 U.S.C. § 1389. Plaintiff argues that an employer does not incur

withdrawal liability when a plan as a whole has no unvested benefits. But this Court, upon reviewing the statute and its legislative history has to disagree with plaintiff.

■ Section 1381 states in precise terms that an employer that withdraws from a multiemployer plan shall be subject to withdrawal liability. Once an employer withdraws from a plan, the amount of unfunded benefits allocable to an employer can be determined in a number of ways. The statute leaves it up to the trustees of a plan to determine which method it will use. *See* 1980 *U.S. Code Cong. & Ad. News* (96–364) 2918, p. 2935. *See also Washington Star Co. v. International Typographical,* 582 F.Supp. 301, 302 (D.D.C.1983). The trustees in the present case chose to determine plaintiff's withdrawal liability by using the attributable rule. *See* 29 U.S.C. § 1391(c)(4)(B). Under the attributable method of calculating withdrawal liability,

> The plan's unfunded vested benefits which are attributable to participants' service with the employer is the amount equal to the value of nonforfeitable benefits under the plan which are attributable to participants' service with such employer (determined under plan rules not inconsistent with regulations of the corporation) decreased by the share of plan assets determined under subparagraph (c) which is allocated to the employer as provided under subparagraph (D).

Thus, in light of the above quoted section, the Court concludes that withdrawal liability can be and was properly assessed against the plaintiff.

### Application of the De Minimus Rule.

■ Pursuant to 29 U.S.C. § 1389, an employer's withdrawal liability can be reduced by the smaller of

> (1) ¾ of 1 percent of the plan's unfunded vested obligations (determined as of the end of the plan year ending before the date of withdrawal), or
>
> (2) $50,000....

By virtue of the fact that this section requires a percentage to be taken of the *plan's* unfunded vested obligation, the

Court concludes that the *de minimus* rule applies to the total amount of unfunded vested benefits within the plan. Since the plan as a whole had no unfunded vested benefits, the *de minimus* reduction is zero.

The Court need not reach the issue of whether plaintiff was obligated to submit this dispute to arbitration. The Court concludes that dismissal of plaintiff's complaint is warranted.