**BEN HUR CONSTRUCTION COMPANY, Successor to Superior Structural Steel Co., Plaintiff,**

v.

**A.S. GOODWIN, Samuel Spadea, Dennis R. Toney, John Kerr, Kenneth Stewart, and W.J. Muse, as Trustees of the National Shopmen Pension Fund, Defendants.**

No. 84–2274C(4).

United States District Court, E.D. Missouri.

June 5, 1987.

David F. Yates, Gerard Hempstead, Mark Weisman, St. Louis, Mo., for plaintiff.

Thomas J. Hart, Lena S. Zezulin, Thomas Hart & Associates, Washington, D.C., Barry J. Levine, St. Louis, Mo., for defendants.

## MEMORANDUM AND ORDER

CAHILL, District Judge.

This matter is before the Court on plaintiff's motion for relief from judgment.

Plaintiff, Ben Hur Construction Company, originally filed this action seeking declaratory judgment against the trustees of the National Shopmen Pension Fund. Plaintiff requested a determination on whether it was subject to withdrawal liability pursuant to 29 U.S.C. § 1391(c)(4) and clarification of the proper application of the de minimus reduction rule. The Court dismissed plaintiff's complaint, 607 F.Supp. 383, holding that withdrawal liability had been properly assessed. The Court further held that the de minimus reduction rule was inapplicable to reduce plaintiff's withdrawal liability when at time of withdrawal the National Shopmen Pension Fund as a whole had no unfunded wasted benefits. In February, 1986, the Eighth Circuit affirmed the Court's judgment, 784 F.2d 876, and awarded defendants attorneys fees. On May 7, 1986, this Court awarded additional attorneys fees for work completed at the district court level. On May 27, 1986, the Eighth Circuit denied plaintiff's petition for a rehearing *en banc*. In support of its motion to vacate the judgment, Ben Hur argues that the Court misinterpreted the Multiemployer Pension Plan Act with reference to withdrawal liability in plans without unfunded vested benefits. Plaintiff offers as proof of this Court's misinterpretation the Pension Benefit Guaranty Corporation's (PBGC's) Notice of Interpretation (Notice) in which it took a position on the applicability of withdrawal liability inconsistent with the ruling of this Court and the mandate of the Eighth Circuit. Plaintiff further argues that the PBGC's Notice should be given great deference because of its expertise in interpreting and enforcing the Employee Retirement Income Security Act of 1974 (ERISA) statutes.

■ Rule 60(b) of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...; (3) fraud ...; (4) the judgment is void; (5) the judgment has been satisfied, ... or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Plaintiff requests relief under subsections 5 and 6. Plaintiff's motion for relief brought under subsection 5 is based on the equitable powers of the court to modify its decree in light of changed circumstances. It applies to any judgment that has prospective effect. It does not allow relitigation of the issues that have been resolved by the judgment. Instead it refers to some change in conditions that makes continued enforcement inequitable. *Lubben v. Selective Service System, Local Bill No. 27*, 453 F.2d 645, 651 (1st Cir.1972). Upon an adequate showing the court will provide relief if it no longer is equitable that the judgment be enforced.

■ In the instant case plaintiff asserts there has been an administrative interpretation of the law that conflicts with the ruling of the Court. Plaintiff argues that had the Court been privy to the position of the PBGC, it would have ruled differently. While Rule 60(b)(5) authorizes relief from a judgment on the ground that the prior judgment upon which it was based has been reversed or vacated, it does not authorize relief from a judgment on the ground that the law applied by the court in making its adjudication is declared erroneous in another and unrelated proceeding. *Id.*

Plaintiff does not cite any authority on which the Court's judgment was based that has since been overruled. While it is true that the PBGC is entitled to great deference in the construction and application of the ERISA statutes, the Court hesitates to interpret that deference as a license to construe statutory language with the force

and weight of legal precedent. The Court has reviewed the PBGC's Notice and finds that its analysis and application of § 4201 of ERISA is correct.

■ Plaintiff's second argument advanced under 60(b)(5) is the same. The standard of review under subsection 6 varies slightly from subsection 5. Subsection 6 confers broad discretion on the trial court to grant relief when appropriate to meet the ends of justice. It is properly invoked where there are extraordinary circumstances or when the judgment will cause an extreme hardship. *Matarese v. LeFevre,* 801 F.2d 98 (2d Cir.1986). Rule 60(b)(6) is an extraordinary remedy; but it is within the Court's discretion to grant it in order to meet the ends of justice. *Klapprott v. United States,* 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (1949).

■ Plaintiff argues that the PBGC notice of interpretation presents sufficient basis for Rule 60(b)(6) relief. Review of the cases leads the Court to the opposite conclusion. A decision of the Supreme Court of the United States or a United States Court of Appeals may provide the extraordinary circumstance for granting a Rule 60(b)(6) motion. *Wilson v. Fenton,* 684 F.2d 249, 251 (3d Cir.1982). Although a clear-cut change in the law can be the basis for Rule 60 relief, a change in the law will not always provide the truly extraordinary circumstances necessary to reopen a case. Something more than a mere change in the law is necessary to provide the ground for Rule 60 relief, especially when a judgment has been executed.

■ Several factors in this case support the denial of relief under Rule 60(b)(6). First, attorneys' fees have been awarded by both courts and the judgment of the court has been partially executed. When a judgment has been executed a concommitantly greater interest in finality exists. Although finality of judgment is insufficient to thwart Rule 60(b) relief, it is a significant factor. A second factor is that the PBGC's Notice is not a law and is without legal precedent nor can its inter-

pretation that is contrary to this Court's position constitute a change in the law. A significant factor in this case is that this Court fully considered plaintiff's position, which is also the position of the PBGC, and found it unpersuasive. The fact that the PBGC has accepted and adopted the position espoused by plaintiff does not add weight to its argument. Most important is that the court of appeals examined the issue of withdrawal liability independent of this Court's finding and it, too, was unpersuaded. The Court is not willing to disturb its own judgment nor that of the court of appeals. Therefore, plaintiff's motion for relief from judgment based on a change in the law must fail. Accordingly,

IT IS HEREBY ORDERED that plaintiff's notice for relief from judgment is DENIED.