**Linda Sue EVERHART, Next Friend of Shane Everhart, a Minor, Respondent,**

v.

**Rick CRABB, et al., Defendants,**

**Chris Jackson, Appellant.**

No. WD 41283.

Missouri Court of Appeals,
Western District.

Aug. 8, 1989.

Lynne J. Bratcher, Miller, Dougherty & Modin, Kansas City, for appellant.

Daniel J. Matula and J. Courtney Bowlin, Kansas City, for respondent.

Rick Crabb, defendant pro se.

Before SHANGLER, P.J., and TURNAGE and KENNEDY, JJ.

TURNAGE, Judge.

Appeal from a judgment ordering the terms of a release executed by a next friend on behalf of a minor be modified. On this appeal, it is contended that the court was without jurisdiction to enter such order. Affirmed.

On May 16, 1986, Shane Everhart was a passenger in an automobile owned by Rick Crabb and being driven with his permission by Kimberly Westmoreland. There were three passengers in the car including Chris

---

**4.** We render no decision on the merits of the relators' claims. We will address that issue when the appeals reach us.

Jackson.[1] The four young people were driving to the Lake of the Ozarks and while driving through Hickory County the car ran off the road. The most seriously injured of the four was Shane Everhart, who at the time of the accident was a little over fifteen years of age. Shane was in a coma as a result of severe head injuries for some time. At the time of the hearing on this motion in June, 1988, Shane's mother testified that he was still unable to walk, talk or function.

The Crabb automobile was covered by a $50,000 insurance policy issued by the Dodson Insurance Group which afforded coverage to Westmoreland as the driver and Crabb as the owner. The insurance company immediately recognized the severe injury to Everhart and the liability of the owner and the driver and offered to pay the full policy amount.

Linda Everhart, the mother of Shane, did not obtain a lawyer but agreed to accept the policy limit settlement. Dodson retained Thomas Sweeney to prepare the necessary releases and to conduct the proceeding in circuit court to obtain court approval for the settlement pursuant to § 507.184, RSMo 1986.

Sweeney prepared a general release which released Westmoreland, Crabb, and the Dodson Insurance Group, "and all other persons, firms or corporations liable or who might be claimed to be liable in any manner, from any and all claims, demands, actions, causes of action or suits of any kind or nature whatsoever both known and unknown...."

On January 8, 1987, when the settlement was submitted to the court for approval, the testimony was that Westmoreland was driving and there was no other automobile involved and there was no other tort feasor from whom Linda could attempt to make recovery. Based on the information available at that hearing, the court approved the settlement and authorized Linda to execute the release prepared by Sweeney.

Sometime after the court approved the settlement on behalf of Shane, it became known that although at the time of the accident Westmoreland was in the driver's seat, she was trying to read a map and the steering wheel was actually being controlled by Chris Jackson. When this fact came to light, Linda Everhart instituted an action against Jackson in the Circuit Court of Jackson County. Jackson raised the defense of the general release executed by Linda.

On June 6, 1988, Linda filed a motion to modify the terms of the release and alleged the newly discovered evidence that Jackson was steering the automobile at the time of the accident. It was further alleged that it was not intended to release anyone except Westmoreland and Crabb. At the hearing on this motion, Sweeney testified that the only information that he had at the time he prepared the release was that Westmoreland was driving the car and that there was no one else involved who would be liable for the operation of the car. Based on that information he prepared the general release. Linda also testified that she did not know that anyone else was involved in the operation of the car and at the time she requested the court to approve the settlement she thought Westmoreland was the driver.

The court entered an order modifying the release by striking therefrom the language which released all other persons, firms, or corporations thereby restricting the release to Westmoreland and Crabb.

Jackson was not named as a party in the motion to modify, but appeared and requested leave to intervene. The court heard statements made by counsel for Jackson and allowed Jackson to file suggestions in opposition to the motion. The court denied Jackson formal leave to intervene on the ground that Jackson had in fact intervened by being heard and by appearing.

The first issue raised is a motion to dismiss the appeal on the ground that Jack-

**1.** The accident report shows Westmoreland was the driver and listed her address as the same as Crabb in Kansas City, Missouri. The report shows Jackson was sitting in the front right, with Shane in the back seat on the left and Jana Besmal in the back on the right.

son was denied leave to intervene in the motion to modify. Although it is true the court formally stated that it was denying Jackson leave to intervene, it stated that he in fact had intervened and the court thereby treated him as a party. The motion to dismiss the appeal is denied.

■ Jackson contends the court was without jurisdiction to enter the order of modification because under Rule 75.01 the court lost control of the judgment approving the release and settlement thirty days after the judgment was entered. Jackson also contends that the court did not have jurisdiction under Rule 74.06(b), (c) because the modification was sought on the ground of a mistake and Rule 74.06(c) requires a motion to relieve a party from a final judgment on the ground of mistake to be filed within one year after the judgment is entered.

Rule 74.06(b) and (c) give the court jurisdiction to entertain proceedings affecting the judgment after the thirty day period. Certainly Rule 75.01 would not prevent the court from acting to modify the release.

■ Although there was evidence that a mistake had been made in identifying the person responsible for the operation of the automobile at the time of the accident, the court entered its order modifying the release on the ground that it was not equitable for the release to cover other persons who did not participate in the release. The court stated that it had a special duty to protect the interest of a minor and that the release had been entered into and approved by the court on the representation that the only tort feasor involved was Westmoreland as the driver and Crabb as the owner. The court held that it was necessary to modify the release in order to fully protect the interest of the minor because it was not equitable for the release to remain in effect as written.

At the time the motion to modify was presented, it was brought out that Linda had filed suit against Jackson in another division of the circuit court and that Jackson was pleading the general release as a defense. The essence of the judgment modifying the release is that it would not be fair to the minor for Jackson to take advantage of the general release when the release had been executed and approved without any knowledge of possible liability on the part of Jackson. In his argument that the court was without jurisdiction to modify the release, Jackson overlooks the language of Rule 74.06(b) which is as follows:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is irregular; (4) the judgment is void; or (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment remain in force.

The last part of the rule provides that a party may be relieved from a final judgment if it is no longer equitable that the judgment remain in force. "Equitable" is defined in Black's Law Dictionary, Fifth Edition 1979, as "just; conformable to the principles of justice and right." The court found that it was not equitable that the judgment approving the general release remain in force. Rule 74.06(b) gave the court authority to relieve against the judgment by modifying the release to eliminate its operation in favor of anyone except Westmoreland and Crabb.

Rule 74.06(c) does require that a motion to be relieved from a judgment on the ground of mistake be filed within one year. However, a motion based on the fact it is no longer equitable for the judgment to remain in force is not limited to a specific time to be filed. Thus, the argument that the court could not act because the motion was filed more than one year after the judgment approving the release was entered fails because the one year period does not apply to the ground applied by the court to grant relief.

■ The evidence adduced in support of the motion was clearly sufficient and revealed that it would be unjust to allow Jackson to take advantage of the release to which he was not a party, for which he had not paid any consideration, and in which he had taken no part in the proceedings to obtain the approval of such release.

In *Schumer v. City of Perryville*, 667 S.W.2d 414, 418[2, 3] (Mo. banc 1984), the court held that "a next friend may not prejudice the substantial rights of a minor litigant." To deny relief in this case would be to allow the action of the next friend, Linda, in executing the general release to prejudice substantial rights of Shane. Although Linda did not intend to prejudice the rights of her son, unless the court relieved her from the effect of the judgment approving the settlement and release, the result would be substantial prejudice to the rights of Shane.

The court had a duty to prevent the next friend from prejudicing the rights of Shane, even if the next friend acted unintentionally. The judgment modifying the release accomplished that purpose and was within the authority of Rule 74.06(b). The judgment is supported by substantial evidence and does not reveal any misapplication of law. The judgment is affirmed.

All concur.