Caroline **ANDERSON,** Appellant,

v.

**CENTRAL MISSOURI STATE UNIVERSITY, et al.,** Respondents.

**No. WD 42134.**

Missouri Court of Appeals, Western District.

Feb. 27, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 24, 1990.

Application to Transfer Denied June 19, 1990.

Leonard K. Breon, Warrensburg, for appellant.

Thomas W. Wagstaff, William F. High, Kansas City, for respondents.

Before KENNEDY, P.J., and LOWENSTEIN and BERREY, JJ.

BERREY, Judge.

Caroline Anderson appeals the denial of her motion, filed under Rule 74.06(b)(5), by which she sought relief from an adverse judgment entered against her on October 22, 1985. Appellant contends that the trial court erred in its denial of relief because a prior judgment denying relief on grounds subsequently removed by a remedial act is not a bar to a new action on the claim as validated. Affirmed.

On June 26, 1982, Caroline Anderson fell on a brick patio while on her way to a wedding reception held at the Pertle Springs Lodge at Central Missouri State University. She filed suit on June 16, 1983, alleging that the fall occurred because of an unreasonably dangerous sidewalk. Central Missouri State University claimed sovereign immunity under § 537.600, RSMo 1978, which was interpreted by the Missouri Supreme Court to require either that the state or its agency adopt a plan of self-insurance or the purchase of liability insurance for a waiver of immunity to exist. *Bartley v. Special School District of St. Louis County*, 649 S.W.2d 864, 870 (Mo. banc 1983). Central Missouri State University did not have liability insurance, nor had it adopted a self-insurance plan. The trial court granted summary judgment against appellant. This court affirmed the trial court's ruling in *Anderson v. Central Missouri State University*, 709 S.W.2d 893 (Mo.App.1986). In 1985, § 537.600 was amended, eliminating the insurance requirement for waiver of sovereign immunity. This court, relying on *State ex rel. Missouri Highway and Transportation*

*Commission v. Appelquist,* 698 S.W.2d 883 (Mo.App.1985) held that § 537.600 was not retroactive to Anderson's claim.

Two years after *Anderson* was decided, the Missouri Supreme Court decided *Wilkes v. Missouri Highway and Transportation Commission,* 762 S.W.2d 27 (Mo. banc 1988). In *Wilkes,* the court held that, "Section 537.600, RSMo 1986, is retroactive...." *Id.* at 28. The court stated that *Anderson* and *Appelquist,* "should not be followed." *Id.* at 29.

Based upon *Wilkes,* appellant filed her Motion for Relief under Rule 74.06(b)(5), which states that:

> the court may relieve a party ... from a final judgment or order for the following reasons ... (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment remain in force.

The trial court overruled appellant's motion. This appeal followed.

The appellant alleges that the trial court erred in denying her relief in that a prior judgment denying relief on grounds subsequently removed by a remedial act is not a bar to a new action. She contends that until the Missouri Supreme Court handed down *Wilkes, supra,* she was without a remedy in view of this court's decision in *Anderson v. Central Missouri State University, supra,* 709 S.W.2d 893, which did not observe the now acknowledged retroactivity of § 537.600.

■ The trial court is vested with broad discretion when acting on motions to vacate judgments. *Citizens Bank of University City v. Gehl,* 567 S.W.2d 423, 425 (Mo.App. 1978). An appellate court should not interfere with the action taken by the trial court "unless the record clearly and convincingly demonstrates an abuse of such discretion." *Luce v. Anglin,* 535 S.W.2d 504, 506 (Mo. App.1976).

■ It should be noted that in the original litigation the trial court treated the matter as one involving summary judgment stating that, "[u]nder Rule 55.27 this Court

may treat the Motions to Dismiss as ones for summary judgment." Accordingly, Central Missouri State University was granted judgment against appellant. A grant of summary judgment is treated as a judgment on the merits of the cause, entitled to a res judicata effect between the parties. *Molasky v. Brown,* 720 S.W.2d 412, 414 (Mo.App.1986). Such is true in the instant case.

Rule 74.06 is similar to Federal Rule 60. The Federal Rule also contains a provision for relief from a final judgment if that judgment has been "satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated." Fed.R.Civ.P. 60(b)(5). The United States District Court for the Eastern District of Missouri, when interpreting the Federal Rule, explains its meaning in *Ben Hur Construction Company v. Goodwin,* 116 F.R.D. 281 (E.D.Mo.1987). The court in *Ben Hur* states what the rule does *not* mean:

> While Rule 60(b)(5) authorizes relief from a judgment on the ground that the prior judgment upon which it was based has been reversed or vacated, it does not authorize relief from a judgment on the ground that the law applied by the court in making its adjudication is declared erroneous in another and unrelated proceeding.

*Id.* at 283; *See* 7 J. Moore & J. Lucas, *Moore's Federal Practice,* par. 60.26[3] (2d ed. 1987).

■ In express terms, rather, the rule authorizes relief from a judgment on the ground that prior judgment upon which it is *based* has been reversed or otherwise vacated. That is to say, the rule operates where the present judgment is based on a prior judgment in the sense of res judicata or collateral estoppel. *Harris v. Martin,* 834 F.2d 361, 364[3] (3rd Cir.1987); *Wallace Clark & Co., Inc. v. Acheson Indus., Inc.,* 394 F.Supp. 393, 395[2–4] & n. 4 (S.D. N.Y.1975).

■ This rationale is found to be persuasive. Originally, the trial court's grant of summary judgment on the grounds of sovereign immunity was affirmed by this

court relying on *Appelquist, supra.* The decision of *Wilkes, supra,* overruled *Appelquist* and *Anderson I* stating that they "should not be followed." *Wilkes v. Missouri Highway and Transportation Commission, supra,* 762 S.W.2d at 29. Thus, relief is not proper in this instance and the denial of such relief was well within the discretion of the trial court.

Rule 74.06 also gives the trial court the option to relieve the effects of the final judgment on the ground that "it is no longer equitable that the judgment remain in force." The counterpart of that component of our rule is expressed in Federal Rule 60(b)(5) as: "it is no longer equitable that the judgment should have prospective application." The reason for the apparent disparity in the expressions of the rules—in one case, that the judgment *remain in force* and, in the other, that the judgment should no longer have *prospective application*—is not immediately evident. *See* Laughrey, *Judgments—The New Missouri Rule,* 22 J. of Mo. Bar 11, 17 n. 47 (Jan–Feb 1988). The federal expositions of the rule give a clarification. The *prospective application* language of the rule distinguishes between a judgment that remains executory [as in the case of a continuing decree by injunction or other redress in equity] and a judgment rendered in an action at law that becomes final [as for money damages]. *Twelve John Does v. District of Columbia,* 841 F.2d 1133, 1139 (D.C.Cir. 1988). Where the judgment is executory—in the sense that it involves " 'the supervision of changing conduct or conditions' ", a legislative enactment that thereafter declares lawful what the judgment declared unlawful may be given effect under the federal rule to relieve against the *prospective application* of the judgment. Or, in terms of our rule, the subsequent enactment renders inequitable that the judgment *remain in force.*

The question thus becomes whether the trial judge erred in not granting relief to appellant as it was "no longer equitable that the judgment remain in force." Rule 74.06(b)(5).

Thus, that component of our rule as well as the federal rule, like the traditional equity practice upon which they rest, apply only to judgments that have prospective effect, " 'as contrasted those that offer a present remedy for a past wrong.' " *Cook v. Birmingham News,* 618 F.2d 1149, 1152[1] (5th Cir.1980). The summary judgment entered against the appellant, and since become final, requires no supervision by the court of rendition nor is it subject to changing conditions. It was a complete remedy for a past wrong. *In re Moody,* 849 F.2d 902, 906[4] (5th Cir.1988). Rule 74.06(b)(5) does not allow the redress the appellant seeks. *Harris v. Martin, supra,* 834 F.2d at 364[3].

Central Missouri State University has requested costs and attorneys' fees under Rule 84.19, characterizing the appeal in the instant case as "frivolous." This request has been considered and is denied. The judgment of the trial court is affirmed.

All concur.