Karen **JOHNSON, et al., Plaintiffs,**

v.

**The UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, et al., Defendants.**

**No. 88-2293 C (5).**

United States District Court, E.D. Missouri, E.D.

Aug. 21, 1990.

Ann B. Lever, Kayla Vaughan, Susan Alverson, Roger J. Bertling, Legal Services of Eastern Missouri, Inc., St. Louis, Mo., for plaintiffs.

William Travis, St. Louis, Mo., for S. Comm. Bank.

Joseph B. Moore, Asst. U.S. Atty., St. Louis, Mo., for HUD and Samuel Pierce.

Donald F. Flint, Chief Counsel, Dept. of HUD, St. Louis, Mo., for HUD.

Thomas M. Newmark, Thomas P. Hohenstein, Gallop, Johnson and Newman, St. Louis, Mo., for Hillvale Associates, Medve–Wald Partnership and Rodan Management, Inc.

Margaret Plank, Federal Programs Branch, Dept. of Justice, Washington D.C., for Federal defendants.

## ORDER

LIMBAUGH, District Judge.

This cause of action arose out of an agreement in April 1988 between defendants Hillvale Associates and Southern Commercial Bank, Mortgagor and Mortgagee, respectively, of the Hillvale Apartments project in the City of St. Louis (the private defendants), to terminate federal mortgage insurance for the project. Plaintiffs assert that the private defendants' agreement to terminate federal insurance and the United States Department of Housing and Urban Development's (HUD) acceptance of the termination of insurance, and its resultant termination of regulatory control over the Hillvale Apartments, violated the mortgage insurance contract, the National Housing Act (NHA), the Emergency Low Income Housing Preservation Act of 1987 (the Preservation Act), and the regulations promulgated thereunder.

In 1987, in response to a national housing crisis, Congress passed the Preservation Act as an interim emergency measure, effective until February 5, 1990, to permit Congress time to study the housing crisis and develop a more comprehensive permanent solution. The Preservation Act temporarily amended until 1990 various provisions in the National Housing Act. Specifically, the Act required § 221(d)(3) owners desiring to prepay their mortgages to develop a plan of action for terminating low income affordability restrictions. The plan of action had to be approved by HUD, and it could only be approved upon HUD's determination that low income tenants would not be unduly burdened.

Plaintiffs contended that by voluntarily terminating their mortgage insurance, defendants violated the Preservation Act. Plaintiffs argued that the Preservation Act affected both the mortgagor's ability to unilaterally prepay his mortgage, and the ability of the mortgagor and mortgagee to voluntarily terminate federal insurance. Defendants contended however that the Preservation Act applied only to the prepayment of mortgages. Congress was concerned with the mortgagor's ability to unilaterally divest himself of HUD restrictions. In the case of voluntary termination, however, both the mortgagor and the mortgagee have to agree to terminate the insurance. Defendants argued that there were very few instances of this occurring nationwide, and Congress did not foresee voluntary termination as a contributor to the national housing crisis.

The issue before this Court was whether the Preservation Act affected only the prepayment of mortgages, or whether it also included within its reach mortgagors and mortgagees who voluntarily agree to terminate federal insurance on their mortgages. As far as this Court could tell, this issue was one of first impression in this country.

This Court concluded that the procedures delineated in the Preservation Act did not apply to the voluntary termination of federal mortgage insurance. The Court reached this conclusion based upon three considerations. First, it was clear from the plain language of the statute that the procedures applied only to the prepayment of mortgages. Second, the Congressional hearings were replete with discussions of the problem of prepayment of mortgages, yet never made mention at any time of the effect the voluntary termination of mortgage insurance had in the overall scheme of the national housing crisis. Finally, HUD had determined that the procedures implemented by the Preservation Act did not apply to the voluntary termination of mortgage insurance.

After this Court entered its order on October 31, 1989, plaintiffs moved for in-

junction pending appeal. This Court granted that motion on November 29, 1989. The injunction was ordered to remain in effect until the expiration of the Emergency Low Income Housing Preservation Act which was to expire on February 5, 1990. On February 5, 1990 this Court extended the injunction pending appeal to September 30, 1990.

On December 15, 1989, the President of the United States, apparently in partial response to this Court's October 31, 1989 order, signed into law the Department of Housing and Urban Development Reform Act (Reform Act) which amends the Preservation Act to apply expressly to voluntary terminations of federal mortgage insurance.

In light of the enactment of the Reform Act, plaintiffs have moved for relief from judgment. Plaintiff's contend that the amendments and their legislative history clarify that the Preservation Act, as originally enacted in 1987, was intended to be applicable to voluntary mortgage insurance terminations. Because of these clarifications in legislative intent, plaintiffs request this Court to vacate its October 1989 order and enter judgment on the merits in plaintiffs' favor.

The private defendants have opposed the motion for relief from judgment. Defendants contend that although the amendments now apply to the voluntary termination of insurance, when defendants terminated their insurance, they were permitted to do so pursuant to the Preservation Act as it then was interpreted. The purported amendments withdraw the existing right to voluntarily terminate mortgage insurance. Defendants further contend, that because the Reform Act changes the original act, and is not a clarification, it may be given prospective application only, so it can have no effect on the termination at issue which occurred seventeen months before the Reform Act became law.

Plaintiffs appealed this Court's October 31, 1989 final order on November 14, 1989. That appeal is still pending in the Eighth Circuit Court of Appeals. Plaintiffs move pursuant to Federal Rule of Civil Procedure 60(b) for relief from judgment. Rule 60(b) provides that, upon motion and upon such terms as are just, the district court may relieve a party from a final judgment or order on any number of specified grounds, including for "(6) any other reason justifying relief from the operation of the judgment." The Eighth Circuit has held that a Rule 60(b) motion may be filed with and considered by the district court while an appeal is pending. *See, Pioneer Insurance Co. v. Gelt*, 558 F.2d 1303, 1312 (8th Cir.1977). Plaintiff argues that the Eighth Circuit has long recognized the propriety of Rule 60(b)(6) relief based upon post-judgment Congressional clarifications of existing law which render a court's prior order erroneous, and a post-judgment change in the law having retroactive application. *See, Cox v. Wyrick*, 873 F.2d 200, 201 (8th Cir.1989); *Mohammed v. Sullivan*, 866 F.2d 258 (1989); *Ben Hur Construction Co. v. Goodwin*, 116 F.R.D. 281 (E.D.Mo.1987) *aff'd* 855 F.2d 859 (8th Cir. 1988).

This Court held in its October 31, 1989 order that neither the language nor the legislative history of the Preservation Act, as originally enacted, could be read to encompass voluntary terminations of mortgage insurance. This Court's reading of the 1987 Act comported with the plain language of the statute and with the then-available sources for discerning legislative intent. The Court finds that the 1989 Amendments to the Preservation Act do change this Court's reading of the statute as it was originally enacted. This Court finds, upon consideration of plaintiffs' motion and the responsive pleadings thereto, that the changes Congress made to the Preservation Act were amendments intended to change the current state of the law, and were not merely a clarification of the 1987 statute. Further, the Court finds that the amendments were not intended to apply retroactively. Thus, the Court declines to grant plaintiffs' motion for post-judgment relief.

Accordingly,

IT IS HEREBY ORDERED that plaintiffs' motion for relief from judgment pur-

suant to Federal Rule of Civil Procedure 60(b) is DENIED.

IT IS FURTHER ORDERED that the injunction currently in effect until September 30, 1990, will remain in effect pending the Eighth Circuit's decision on this appeal.

IT IS FINALLY ORDERED that a copy of this order be filed as a part of the record in the appeal of this case in the United States Court of Appeals for the Eighth Circuit.