Clyde M. ANDERSON, Appellant,

v.

Beverly Louise ANDERSON, Respondent.

No. WD 45905.

Missouri Court of Appeals, Western District.

April 6, 1993.

Daniel L. Franco, Kansas City, for appellant.

Thomas R. Summers, St. Joseph, for respondent.

Before KENNEDY, P.J., and BERREY and SPINDEN, JJ.

KENNEDY, Presiding Judge.

Clyde Anderson appeals from the trial court's dismissal of his "Motion for Relief from a Final Order," brought under Rule 74.06(b). By his motion, Clyde sought a modification in the disposition of his retirement benefits in a dissolution decree of November 4, 1986. Affirmed.

As of the date of dissolution, Clyde and Beverly Anderson had been married 26 years. For the last 24 years of the marriage Clyde was employed at Northwest Missouri Electric Cooperative. For eighteen of those years, benefits had accrued for him in a pension plan set up by his employer, and for fifteen years benefits had accrued in a savings plan. At the time of the dissolution decree, Clyde was 47 years of age. Clyde could take early retirement at the age of 55 and begin to collect benefits. The normal retirement age is 65. The trial judge in the dissolution decree found the present value of the pension plan in 1986 to be $30,700 and the savings plan to be $2,800. Beverly was to receive one-half a fractional share of Clyde's retirement benefits, the fraction to be determined as follows: the number of years of the marriage (26) over the number of years of employment at the time benefits were paid to Clyde, or were payable to him. If, for example, Clyde had been employed 40 years at the time of his retirement, and received $1,000 per month in retirement benefits, Beverly would be entitled to one-half of $26/40$ths thereof, or $325, while Clyde would get the remaining $675. Beverly could wait until Clyde retires to take her share, or she could elect to take her share when Clyde becomes eligible for retirement at age 55. Either way, Beverly could request a lump sum payment or an annuity.

Clyde is 53 years old and continues to work for the electric co-op. In 1989 he wrote to the administrator of his pension plan for information on his retirement benefits. He was disturbed to learn that the formula used the entire benefit to be received by Clyde when he retires, and not the value of the plan as of the date of the dissolution. The last available estimate of the value of Clyde's benefits under the plan when he reaches the age of 55, should he choose to retire, is $115,706.20. The motion court found that this increase was not due to Clyde's advancement in the company and that he continues to work at the same general level of employment as he did on the date of the dissolution.

Clyde's criticism of the trial court's dissolution decree formula is that it gives to Beverly a share of his post-dissolution earnings. The relief he seeks by his Rule 74.06 motion is the modification of the dissolution decree to give Beverly one-half of the lump-sum value of his retirement plans as of the time of the dissolution in 1986, or, in the alternative, that Beverly's fractional share of the ultimate distribution be reduced. Instead of using 26 (the number of years of the marriage) as the numerator, Clyde argues the numerator should be the number of years during the marriage that the pension plan was in effect.

Clyde's motion for relief alleged that the trial court lacked jurisdiction to divide re-

tirement benefits acquired post-dissolution, making the court's order inequitable, unjust and contrary to Missouri law and public policy. We hold that the trial court properly dismissed the motion.[1]

In *Anderson v. Central Missouri State University*, 789 S.W.2d 41 (Mo.App.1990), appellate filed a 74.06(b)(5) motion to vacate a judgment on the grounds that the prior judgment on which it was based had subsequently been overruled and that it was no longer equitable that the judgment remain in force. The appellate court affirmed the trial court's denial of the motion, stating, "The trial court is vested with broad discretion when acting on motions to vacate judgments. An appellate court should not interfere with the action taken by the trial court unless the record clearly and convincingly demonstrates an abuse of such discretion." *Anderson*, 789 S.W.2d at 43. (citations omitted).

Rule 74.06 is not intended as an alternative to a timely appeal. Relief from a trial court judgment, which may have been available by appeal, is not necessarily available by a Rule 74.06 proceeding. One might go so far as to say the availability of relief by means of a timely appeal weighs against the availability of that relief by way of Rule 74.06, in that the movant's request in that case has less appeal to the conscience of the chancellor. For that reason, cases which have modified the trial court's judgment on appeal ordinarily will not be authority for similar modification on a Rule 74.06 motion, even where the facts are the same or similar. Clyde cites *Lynch v. Lynch*, 665 S.W.2d 20 (Mo.App.1983), where the Eastern District Court of Appeals did modify the trial court's formula for distribution of retirement benefits, but that was on appeal, not a Rule 74.06 proceeding.

Is there such equity in Clyde's position that he is entitled under Rule 74.06 to modification of this 1986 dissolution decree with reference to distribution of his retirement benefits?

In the first place, the results of the trial court's division of the retirement benefits, which Clyde now finds unpalatable and from which he now seeks relief, were plainly foreseeable at the time of the original decree. Yet he did not appeal from the dissolution decree to request the relief he now seeks by Rule 74.06 motion.

In the second place, if we were to give the merits of Clyde's criticisms of the dissolution decree the close scrutiny we would give on an appeal from the decree, it is by no means clear that he would be entitled to any relief. The approach taken by the dissolution court has been approved in numerous cases which have considered retirement plan distributions between spouses. *See, for example, Lynch v. Lynch*, 665 S.W.2d 20 (Mo.App.1983); *Stoerkel v. Stoerkel*, 711 S.W.2d 594 (Mo.App.1986). The trial court has broad discretion in the division of marital property. *Dardick v. Dardick*, 670 S.W.2d 865, 869 (Mo. banc 1984). Equal division is not required, but only a fair division. *Mehra v. Mehra*, 819 S.W.2d 351, 357 (Mo. banc 1991).

Judgment affirmed.

All concur.

---

**1.** Rule 74.06(b)(5), insofar as applicable here, reads as follows:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment or order for the following reasons: ... (5) ... it is no longer equitable that the judgment remain in force.