Christine **JUENGER**, Plaintiff–
Respondent,

v.

**BROOKDALE FARMS,** Defendant–
Appellant.

No. 64418.

Missouri Court of Appeals,
Eastern District,
Division One.

March 8, 1994.

Kemper R. Coffelt, Coffelt & Coffelt, P.C., Clayton, for defendant-appellant.

Gary A. Growe, Clayton, for plaintiff-respondent.

CRANDALL, Presiding Judge.

Defendant, Brookdale Farms, appeals from the order of the trial court overruling defendant's motion to set aside a final judgment entered against defendant by default. We affirm.

Plaintiff, Christine Juenger, was involved in an automobile accident with another automobile owned by defendant and insured by Cameron Mutual Insurance Company (Cameron Mutual)[1]. As a result of the accident, plaintiff brought an action for bodily injury against defendant on July 5, 1991. Defendant was served with process. On July 19, 1991, defendant's insurance agent instructed defendant to send the summons and petition to Cameron Mutual. Defendant claims it sent both the summons and petition to Cameron Mutual. Cameron Mutual's records and files indicate that the summons and petition were never received. Defendant did not file an answer. On May 4, 1992, a $20,000 default judgment was entered against defendant. The judgment became final on June 3, 1992. Rule 81.05(a).

On May 19, 1993, plaintiff brought an action against Cameron Mutual to recover the

---

1. The record in this case consists, in part, of allegations of fact contained in defendant's motion. For the purpose of this appeal, we accept those allegations as true.

judgment, *See* § 379.200 RSMo, (Cum.Supp. 1992). Cameron Mutual did not have knowledge of the default judgment until June 2, 1993. Defendant did not know of the default judgment until June 9, 1993.

On July 7, 1993, defendant filed a motion to set aside the default judgment pursuant to Rule 74.05(c)[2]. Defendant amended the motion requesting that the final judgment be set aside based upon the equitable principles of Rule 74.06(b)(5). The focus of this appeal is whether defendant was entitled to relief under Rule 74.06(b)(5).

■ Rule 74.06 deals with the problem of setting aside a final judgment or order, whether by default or otherwise. Nanette K. Laughrey, Judgments—The New Missouri Rule, 44 J.Mo.Bar 11, 16 (1988). Rule 74.06(b) provides various grounds by which a court may, "set aside a final judgment after a court has ruled on the merits of the case...." *Cotleur v. Danzinger,* 870 S.W.2d 234, 236 (Mo. banc, 1994). The grounds pertinent to this appeal are:

"(1) mistake, inadvertence, surprise, or excusable neglect; ... (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment remain in force." Rule 74.06(b)(1) and (b)(5).

Rule 74.06(c) provides that the motion shall be made within a reasonable time and allegations under (1) must be raised not more than one year after judgment was entered. A party raising grounds under (5) must act within a reasonable length of time, but no specific time limitations are provided. Nanette K. Laughrey, Judgments—The New Missouri Rule, 44 J.Mo.Bar 11, 18 (1988).

On appeal, defendant claims the trial court erred in denying its motion to set aside the judgment because the motion was brought under the equitable ground of Rule 74.06(b)(5), and therefore the one year limitation of Rule 74.06(c) does not apply. Defendant further alleges error because the motion

was brought within a reasonable time and, in fact, set forth grounds for equitable relief.

■ Rule 74.06(b)(5) gives the trial court the authority to relieve the effects of a final judgment on the ground that, "it is no longer equitable that the judgment remain in force." This component of the rule is based on traditional equity practice which limits its application to judgments that have a prospective effect, as contrasted to those that offer a present remedy for a past wrong. *Anderson v. Central Missouri State University,* 789 S.W.2d 41, 44 (Mo.App.1990).[3] It addresses the situation in which a subsequent circumstance makes enforcement of such a judgment inequitable. *Id.* at 44. Here, the judgment against defendant requires no supervision by the court nor is it subject to changing conditions. It is a complete remedy for a past wrong and has no prospective effect. Thus, Rule 74.06(b)(5) does not allow the redress defendant seeks.

■ Although defendant characterizes its motion as having an equitable basis, in fact it seeks relief because of, "mistake, inadvertence, surprise, or excusable neglect." Rule 74.06(b)(1). A motion to set aside a final judgment on those grounds must be brought within a reasonable time not to exceed one year from date of entry. Rule 74.06(c). Because defendant failed to file a timely motion, the trial court did not err in refusing to set aside the judgment. Defendant's claims are denied.

■ In his final point defendant argues that the trial court denied defendant procedural due process because it was not given notice of the default hearing or entry of the default judgment. Defendant argues that there should be a requirement that plaintiff provide defendant with such notice.

■ A party is not required to provide notice to the defaulting party. *Sprung v. Negwer Materials, Inc.,* 775 S.W.2d 97 (Mo. banc 1989). Once a defendant is validly served, he is charged with notice for all

**2.** Rule 74.05 was amended June 1, 1993, effective Jan. 1, 1994.

**3.** The federal counterpart of Missouri's Rule 74.06(b)(5) is Federal Rule 60(b)(5) which states, "it is no longer equitable that the judgment should have prospective application."

subsequent proceedings. *Id.* at 101. Defendant's last point is denied.

The order of the trial court is affirmed.

REINHARD, and CRIST, JJ., concur.