**Richard and Norma T. BURRUS, Burrus Family Living Trust, Plaintiffs–Respondents,**

v.

**Jimmie E. SMALL, Defendant–Appellant.**

No. 69247.

Missouri Court of Appeals, Eastern District, Northern Division.

Nov. 12, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 8, 1997.

Jimmie E. Small, Knox City, pro se.

No appearance by respondent.

AHRENS, Chief Judge.

Defendant, Jimmie Small, appeals from the trial court's denial of his motion to set aside a summary judgment order for irregularities pursuant to Rule 74.06. We affirm.

The original action in this case was brought by plaintiffs, Richard and Norma Burrus, seeking an order in ejectment to oust Small from real estate located in Knox County, Missouri. The Burruses filed a motion for summary judgment on January 19, 1994 and a hearing was held on February 9, 1994. The trial court granted summary

judgment in favor of the Burruses. Small appealed the decision, but his appeal was dismissed by this Court.

On February 6, 1995, Small filed a Rule 74.06 motion with the trial court to set aside the summary judgment order on the basis of irregularities in the judgment. Small claimed that he was not allowed the full 30 days to make an appropriate response to the summary judgment motion as required by Rule 74.04. The trial court denied the Rule 74.06 motion and Small appeals.

The difficulty in this case arose when Rule 74.04 was amended on January 1, 1994. At the time of the hearing on the motion for summary judgment on February 9, 1994, the trial court was unaware of the rule change. Former Rule 74.04 required only that, "the [summary judgment] motion shall be served at least 10 days before the time fixed for the hearing." Rule 74.04(c), 1959. The rule was amended to allow a response to be made to summary judgment motions within 30 days after the motion is served. Rule 74.04(c), 1994. Small was not given 30 days to respond.

■ If Small had raised this point on direct appeal he may have had a valid argument. *See, Butler v. Hurlbut*, 826 S.W.2d 90, 94 (Mo.App.1992). However, Small seeks to attack the judgment through Rule 74.06. Rule 74.06 gives the trial court discretion to set aside a judgment, after the judgment becomes final, where the moving party shows that the "judgment is irregular." Rule 74.06(b). A trial court is afforded broad discretion in ruling on 74.06 motions and an appellate court will not interfere absent a clear abuse of that discretion. *Kardell v. Koser*, 914 S.W.2d 842, 844 (Mo.App.1996). We hold that the trial court did not abuse its discretion by dismissing the motion.

■ Rule 74.06 is not intended as an alternative to a timely appeal. *Anderson v. Anderson*, 850 S.W.2d 404, 406 (Mo.App. 1993). The availability of relief by means of a timely appeal weighs against the availability of that relief by way of Rule 74.06. *Id.* Small had the opportunity to raise this issue in his motion for a new trial and in his direct appeal. He did not raise the issue in his motion for a new trial, and his direct appeal was dismissed.

■ We are hesitant to hold that Small can attack the judgment almost one year after it was entered simply because he was not aware of the change in the law. To do so would encourage losing parties, under the guise of Rule 74.06, to claim ignorance of the law in an attempt to avoid the consequences of an adverse judgment. A court of equity need not provide relief because a party does not know the law. *Cozart v. Mazda Distributors (Gulf), Inc.*, 861 S.W.2d 347, 352 (Mo. App.1993). This is especially true when the complaining party has "within his reach the means of ascertaining the true state of facts, and without inducement by the other party, neglects to avail himself of his opportunities of information." *Id.* Small knew or should have known of the amended summary judgment rule at the time of the direct appeal and any claim of error should have been addressed at that time.

The judgment is affirmed.

DOWD, and RHODES RUSSELL, JJ., concur.