Donnita KILLINGSWORTH and David
Killingsworth, Appellants,

v.

DICKINSON THEATRES,
INC., Respondent.

No. 24571.

Missouri Court of Appeals,
Southern District,
Division One.

July 10, 2002.

Motion for Rehearing or Transfer Denied
Aug. 2, 2002.

Application for Transfer Denied
Sept. 24, 2002.

Corbett Law Firm, Springfield, for appellants.

Morrison & Hecker, L.L.P., Kansas City, for respondent.

ROBERT S. BARNEY, Chief Judge.

Donnita Killingsworth and David Killingsworth (Plaintiffs) appeal from an order of the Circuit Court of Greene County setting aside a default judgment entered against Dickinson Theatres, Inc., (Defendant). The trial court found, *inter alia*, that it was "no longer equitable that the judgment remain in force, as set forth in 74.06(b)(5)." [1]

The record shows that Plaintiff, Donnita Killingsworth, was injured at a movie theater owned by Defendant. Defendant's insurer was CIGNA Property and Casualty ("CIGNA"). On October 9, 1995, Plaintiffs' attorney sent a settlement package to CIGNA. On July 10, 1996, CIGNA answered stating that it considered Defendant to be "minimally liable" for Plaintiffs' injuries and offered $7,500.00 to settle. According to Plaintiffs, their attorney informed CIGNA that they had nothing further to discuss and had no further substantive communications with CIGNA after July 10, 1996. Defendant, on the other hand, maintains that the parties had ongoing communications up until the time the suit was filed by Plaintiffs.

---

1. Rules references are to Missouri Court Rules (2001), unless otherwise noted.

On October 14, 1998, Plaintiff, Donnita Killingsworth brought an action for bodily injuries against Defendant. Her husband, Plaintiff David Killingsworth, brought a loss of consortium claim against Defendant. Service of process was made on Defendant's registered agent on October 21, 1998. *See* Rule 55.13(b)(3), Missouri Court Rules (1998). Defendant does not contest the fact that its registered agent was served with summons and a copy of Plaintiffs' petition on October 21, 1998, by the Sheriff's office of Jackson County, Missouri. Defendant contends, nevertheless, that "through no negligence of its own" it did not receive the notice and copy of the summons and petition mailed to it by its registered agent. It explains that "the summons and petition were lost in the mail somewhere between the office of its registered agent and its own office." Defendant further alleges that its management has no record of receiving or forwarding the summons and petition to its liability insurance carrier, CIGNA. It also maintains that Plaintiffs intentionally delayed taking any action to execute on their judgment until September 13, 2000, well over one year after the entry of the judgment.

No answer was filed by or on behalf of Defendant. An interlocutory judgment was entered against Defendant on December 7, 1998. On June 29, 1999, a hearing was held on the issues of Plaintiffs' damages. Defendant was not in attendance. At this hearing, Plaintiffs presented evidence relating to Plaintiffs' damages, such as medical bills from surgery, lost wages, and mileage connected with receiving medical treatment. On June 30, 1999, the trial court entered a final judgment by default in favor of Plaintiffs and awarded damages in the amount of $501,000.00, together with post-judgment interest.

Plaintiffs commenced execution/garnishment proceedings seeking to collect on their judgment on September 13, 2000. Almost one month later, Defendant filed a notice with the court that it had filed for bankruptcy. Subsequently, Defendant also filed a Motion for Relief from Judgment on June 8, 2001. As previously related, Defendant's motion was granted pursuant to Rule 74.06(b)(5). Plaintiffs appealed.

Plaintiffs' sole point on appeal states:

The trial court erred in granting *Dickinson's Motion for Relief from Judgment* and thereby setting aside default judgment that was entered in favor of Plaintiffs on June 30, 1999, because Mo.R.Civ.P. 74.06 does not permit the relief sought by Dickinson, in its *Motion,* and given by the trial court, in its granting of Dickinson's *Motion,* in that, when a Motion for Relief from Judgment is filed more than one year after the judgment it seeks relief from becomes final (as Dickinson's *Motion* was), the only grounds for granting that Motion under Mo.R.Civ.P. 74.06 are: (1) under Mo.R.Civ.P. 74.06(b)(4), the judgment is void, (2) under Mo.R.Civ.P. 74.06(b)(5), the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment remain in force, or (3) under Rule 74.06(d), an independent action in equity has been brought alleging that there has been fraud upon the court; the facts of this case do not support any of these grounds for relief from judgment.

The focus of this appeal is a determination as to whether defendant was entitled to relief under Rule 74.06(b)(5).

Rule 74.06(b)(5) reads as follows:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment or order for the following reasons:

. . .

(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment remain in force.

■ We first observe that there is nothing in the record to support the proposition that the judgment has either been satisfied, released or discharged or that a prior judgment upon which it is based has been reversed or otherwise vacated. The question, then, boils down to whether it is equitable, as that term has been defined by case law, that the judgment by default remain in force.

■ "Rule 74.06(b)(5) gives the trial court the authority to relieve the effects of a final judgment on the ground that, it is no longer equitable that the judgment remain in force." *Juenger v. Brookdale Farms*, 871 S.W.2d 629, 631 (Mo.App. 1994); *Anderson v. Central Missouri State Univ.*, 789 S.W.2d 41, 44 (Mo.App.1990). "This component of the rule is based on traditional equity practice which limits its application to judgments that have a prospective effect, as contrasted to those that offer a present remedy for a past wrong." *Juenger*, 871 S.W.2d at 631; *Cook v. Birmingham News*, 618 F.2d 1149, 1152 (5th Cir.1980). "It addresses the situation in which a subsequent circumstance makes enforcement of such a judgment inequitable." *Juenger*, 871 S.W.2d at 631.

"The counterpart of that component of our rule is expressed in Federal Rule 60(b)(5) as: it is no longer equitable that the judment should have prospective application." *Anderson*, 789 S.W.2d at 44. "The reason for the apparent disparity in the expressions of the rules—in one case that the judgment *remain in force* and, in the other, that the judgment should no longer have *prospective application—is* not immediately evident." *Id.*[2]

"The federal expositons of the rule give a clarification. The *prospective application* language of the rule distinguishes between a judgment that remains executory [as in the case of a continuing decree by injuncton or other redress in equity] and a judgment rendered in an acton at law that becomes final [as for money damages]." *Id.*; *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1139 (D.C.Cir. 1988).

In *Juenger, supra*, the plaintiff was involved in an automobile accident and brought suit on July 5, 1991, against defendant, who was insured by Cameron Mutual insurance Company (Cameron). *Juenger*, 871 S.W.2d at 630. Defendant was served with process and was instructed by defendant's insurance agent on July 19, 1991, to convey the summons and petition to Cameron. Cameron maintained it never received the suit papers. No answer was filed and on May 4, 1992, a default judgment was entered against defendant for $20,000.00. The judgment became final on June 3, 1992. Rule 81.05(a). On May 19, 1993, plaintiff brought her action against Cameron seeking to recover on her judgment. Cameron had no knowledge of the default judgment until June 2, 1993. Defendant had no knowledge of the default judgment until June 9, 1993. Less than a month later, Defendant filed a motion to set aside the default judgment pursuant to Rule 74.05(c) and then amended her motion by requesting that the final judgment be set aside upon the equitable principles of Rule 74.06(b)(5). The trial court denied her motion. *Id.* at 630–31.

**2.** *See* Laughrey, *Judgments—The New Missouri Rule,* 22 J. Mo. Bar 11, 17 n.47 (Jan– Feb 1988).

Relying on the tenets expressed in *Anderson, supra,* the *Juenger* court affirmed the trial court. The court observed that the "judgment against defendant requires no supervision by the court nor is it subject to changing conditions. It is a complete remedy for a past wrong and has no prospective effect. Thus, Rule 74.06(b)(5) does not allow the redress defendant seeks." *Juenger,* 871 S.W.2d at 631.[3]

Similarly, in the instant matter as in *Juenger,* Defendant has invoked Rule 74.06(b)(5), seeking relief from the imposition of a monetary judgment against it. However, the final judgment constituting a monetary award in favor of Plaintiffs was a "complete remedy for a past wrong and has no prospective effect." *Id.*; see *Anderson,* 789 S.W.2d at 44. Rule 74.06(b)(5) does not allow the redress Defendant seeks. *Juenger,* 871 S.W.2d at 631. While the trial court granted the Defendant relief under Rule 74.06(b)(5) it erred as a matter of law in doing so. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). Point well taken.

The Order of the trial court setting aside the Judgment of the Circuit Court of Greene County, dated June 30, 1999, is reversed. The cause is remanded with directions to deny Dickinson Theatres, Inc.'s, Motion for Relief of Judgment and enter judgment in favor of Donnita Killingsworth and David Killingsworth, per the terms of the Judgment of the Circuit Court of Greene County, dated June 30, 1999.

SHRUM, P.J., and MONTGOMERY, J., concur.

---

**3.** We distinguish, factually, *Everhart v. Crabb,* 775 S.W.2d 335 (Mo.App.1989). There the appellate court observed that a motion under Rule 74.06(b)(5) "is not limited to a specific time to be filed." *Id.* at 337. The appellate court then affirmed the trial court's modification of the terms of a general release previously executed by a next friend on behalf of a minor. The release had released "all other persons, firms, or corporations" liable for the minor's claims. Later it came to light however, that a totally different person, a stranger to the release, had been steering the wheel of the automobile involved in the accident. *Id.* at 336. Relying on *Schumer v. City of Perryville,* 667 S.W.2d 414, 418 (Mo.banc 1984), the *Everhart* court observed that "a next friend may not prejudice the substantial rights of a minor litigant" and determined that it would have been unjust under these circumstances to allow a complete stranger to take advantage of the release when he had not paid any consideration and had taken no part in the proceedings to obtain the approval of such release. *Everhart,* 775 S.W.2d at 338.

Additionally, we observe that in a subsequent opinion by the same appellate court, in *Anderson, supra,* no mention was made of *Everhart* in its thorough and well-reasonded opinion tracing the origin and rationale behind Rule 74.06(b)(5). In reviewing the instant appeal we are guided by the tenants expressed in *Anderson, supra.*